COOK *v.* CHARLES HOERTZ & SON.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—SUBSEQUENT INJURIES—PAYMENTS.

A continuance of weekly compensation to an employee under an agreement approved by the industrial accident board is justifiable, although he twice sustains injuries to one of his legs by falling, where the injuries are simply mishaps due to the fact that he is obliged to use crutches, and he is still suffering otherwise from the original injury.[1]

Certiorari to Industrial Accident Board. Submitted June 21, 1917. (Docket No. 108.) Decided September 27, 1917.

Floyd Cook presented his claim for compensation against Charles Hoertz & Son for injuries received in defendants' employ: On petition of defendants for an order discontinuing weekly payments. From an order denying the petition, defendants bring certiorari. Affirmed.

*Lombard, Hext & Washburn,* for appellants.

BIRD, J. While plaintiff was in the employ of defendant contractors he was injured. His injuries were received October 19, 1914, and are described by his physician as:

"A compound, comminuted fracture of the femur of the right leg, about the junction of the upper and middle third; a fracture of the tibia of the right leg below the knee; a fracture of the tibia of the left leg below the knee; both ankles badly bruised; patient in extreme shock."

[1] On constitutionality and effect of workmen's compensation acts, generally, see comprehensive notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

.The fractures were reduced, the bones placed in position, and splints put on. The parties agreed upon the amount of compensation which plaintiff was entitled to, which agreement was subsequently approved by the board, and the amounts were paid directly to him by the defendants. Matters progressed favorably with plaintiff until about March 1, 1915, when he slipped and fell on the floor of a meat market at Mt. Pleasant and loosened the bone at the point of fracture in the right femur. This was subsequently adjusted and the splints put on again. Later, in July, 1915, just after alighting from a wagon, and while his crutches were being handed to him, he lost his balance, fell over, and loosened the callous from the right femur, which required that the splints be put on again for about a week. On June 24, 1916, defendants filed their petition with the board, praying that they be relieved from making any further payments to plaintiff on account of his injuries. The hearing resulted in a denial of the prayer of the petition.

It is defendants' contention that had it not been for plaintiff's subsequent injuries he would be fully recovered and able to work, and as the subsequent injuries were the result of his own carelessness and negligence, no further payments ought to be demanded of them. Furthermore, that the testimony does not justify a continuance of them. The board made the following findings of fact:

"(3) After a careful consideration of all of the evidence in this case, the board finds as a fact that the original injuries of October 19, 1914, described and set forth in the agreement for compensation between the parties heretofore referred to was the proximate and direct cause of the second injury to his right leg, which occurred during the month of March following, and likewise the proximate and direct cause of the injury to his said right leg occurring in July following.

"(4) We further find as a fact that at the date of the hearing before this board the applicant was still suffering from and under disability because of and as a direct result of said original injuries set forth and described in said agreement in regard to compensation, and that the said applicant has not been guilty of wilful and intentional misconduct.

"(5) That the applicant is still suffering from the injury to his back and is under disability at the time of this hearing because thereof. That said injury to applicant's back was not effected by the second fall which he sustained in the month of March, and was not effected by the third fall which he sustained during the month of July, following his original injuries."

It is quite evident that had it not been for the initial injury plaintiff received he would not be obliged to go about on crutches. It does not appear that he was violating the order of his physician in doing so, nor does it appear that there was anything negligent, intentional, or wilful about the incurring of the subsequent injuries, but it does appear that they were simply mishaps, due to the fact that he was obliged to depend upon his crutches. But even if we concede that counsels' position be the proper one as to the subsequent injuries, the testimony shows and the board finds that plaintiff is still suffering otherwise from the original injury. This proof alone would justify the determination of the board in continuing weekly payments.

The conclusions of the board must be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.