REISS *v.* NORTHWAY MOTOR & MANFG. CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PREMA-TURE RETURN TO WORK—REOPENING.

> Where an injured employee returned to work before a broken leg had entirely healed because the employer's physician told him to do so, and after working a few days he rebroke the leg on his way home from work, the industrial accident board was justified in reopening the case and reinstating compensation as for total disability.

Certiorari to Industrial Accident Board. Submitted January 17, 1918. (Docket No. 114.) Decided March 28, 1918.

Paul Reiss presented his claim for compensation against the Northway Motor & Manufacturing Company for injuries received in defendant's employ. From an order awarding compensation, defendant and

the New England Equitable Insurance Company, insurer, bring certiorari.   Affirmed.

*Frank J. Riggs,* for appellants.

*James H. Lee,* for appellee.

MOORE, J.   This is certiorari to review a decision of the industrial accident board awarding compensation to applicant.   On April 5, 1915, applicant was injured by having his foot caught between a belt and a pulley, resulting in a fracture of his left leg.   He was taken to the hospital, where he remained five weeks, after which he was confined to his house for about four months.   The fore part of August, 1915, he returned to work.   He testified he did so because the doctor, employed by the company, told him to do so, and he was afraid of losing his job if he did not go back.   On August 25, 1915, applicant entered into an agreement with respondent providing for "compensation at the rate of $7.50 per week during the period of disability." This agreement was filed with the industrial accident board on September 18, 1915, and approved by it on September 27, 1915.

After the return of the applicant to his work he worked for two weeks running a freight elevator.   On August 26, 1915, while on his way home from work he rebroke his leg.   He was taken to the hospital again, where he remained about four months.   After this second injury he was laid up for a year.   Various proceedings were had, when, on April 21, 1917, an order was entered reopening the case and finding that "the disability complained of by applicant was the result of the accident of April 5, 1915," and providing that "the agreement on file herein is reinstated and applicant is entitled to receive and recover from said respondent at the rate of $7.50 per week during the period of his total disability."

The appellant insists that the case was settled and should not be reopened. It also insists that the second breaking of the leg cannot be traced to the original accident and that it should not be held liable therefor. There was a full hearing before the industrial accident board. In its return appears the following:

"Based upon the testimony in the case the board finds:

"(a) That the applicant received a very serious injury to his leg in the employ of the respondent employer on April 5, 1915.

"(b) That he was paid compensation by the employer amounting to $145, the same beginning as of April 5, 1915, and being at $7.50 per week for 19 1/3 weeks.

"(c) That on August 13, 1915, the laborer returned to work but was not able to go to work and should not have been put to work at that time; that he went to work before he was able to go to work because the physician of his employer insisted that he should go to work.

"(d) That at the time he went to work his leg had not healed and was in bad shape and in such condition that it was liable to be reinjured by very slight exertion.

"(e) That on his way home from work, on August 28, 1915, he fell over the curb in the street and the leg was reinjured, but that this was not a new break, but simply a natural result of the first break; that the employer is responsible in this matter and that the original breaking of the leg was the proximate cause of his falling over the curb and rebreaking the leg in the old place.

"(f) That the laborer received less wages when he went back to work on August 13, 1915, than he had been receiving before he was hurt; that before he was hurt he had been receiving 24 cents per hour, but the record does not show how many hours per day he worked. As he only worked a few days before the reinjury the board will disregard the time while he was working and not attempt to give him any compensation for that time, although he was then partially disabled.

"(*g*) That when the employee went back to work on August 13, 1915, he was put at easy work for the reason that his leg was not fit for him to use; that his employer knew this.

"(*h*) That there was really not a second accident, but that the rebreaking of the leg on August 28, 1915, was a direct result of the accident of April 5, 1915, and that the employer and its insurer are responsible.
\* \* \*

"(*j*) That the employee has never signed any papers ending his compensation in this case, and that the board has never approved any final settlement of the matter, and that said matter has never been finally settled and has never been closed, but that the agreement between the parties, which was not approved by this board until September 21, 1915, is still in full force and effect.

"(*k*) That the laborer is entitled to receive from both the respondents compensation at the rate of $7.50 per week beginning August 28, 1915, during the entire period of his total disability."

We have quoted only a small portion of the return. There was very considerable testimony upon which to base the findings of the industrial accident board. See *Reck* v. *Whittlesberger*, 181 Mich. 463.

The decision is affirmed, with costs to the applicant.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.