CRAMER *v.* WEST BAY CITY SUGAR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDINGS OF INDUSTRIAL ACCIDENT BOARD—EVIDENCE—FRAUD.

   In proceedings under the workmen's compensation act the burden of proof is upon the plaintiffs, but where there is testimony to sustain the finding of the industrial accident board, the Supreme Court will not disturb such finding in the absence of fraud.

2. SAME—EVIDENCE—PREPONDERANCE.

   Whether the testimony introduced by one side preponderates over that of the other is exclusively for the determination of the board.

3. SAME—PERSONAL INJURIES—AGGRAVATION OF ORIGINAL INJURY—PROXIMATE CAUSE.

   Where plaintiff's decedent received an injury to his leg, while in defendant's employ, in November, which caused him to be confined to the house for some time, and on a trip down town on Christmas Eve his crutch slipped and he fell, considerably aggravating the original injury, necessitating an operation in the hospital, from which he never rallied, the original injury *held*, to be the proximate cause of his death, rendering the employer liable under the workmen's compensation act.

4. SAME—DEPENDENTS—EVIDENCE—SUFFICIENCY.

   Evidence *held*, sufficient to justify the finding of the board that the father, mother and young sister were entitled to compensation as partial dependents, although the evidence as to the amount furnished by deceased to plaintiffs was not as definite as it should have been.

5. SAME — COMPENSATION, COMPUTATION OF — IRREGULAR EMPLOYMENT.

   Where decedent was employed by defendant on an average but 74 days during the year, the employment was seasonal and compensation to dependents should be computed as provided in the fourth classification of section 11, pt. 2, of the workmen's compensation act. *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298.

Certiorari to Industrial Accident Board. Submitted

April 3, 1918. (Docket No. 25.) Decided June 3, 1918. Rehearing denied July 18, 1918.

Peter Cramer and others presented their claim for compensation against the West Bay City Sugar Company for the accidental death of decedent in defendant's employ. From an order awarding compensation, defendant and the General Accident, Fire & Life Assurance Corporation, Limited, insurer, bring certiorari. Reversed, and remanded.

*Arthur Sauve,* for appellants.

*W. A. Collins,* for appellee.

FELLOWS, J. Deceased, John Cramer, was in the employ of defendant sugar company as a fireman during its "campaign" in the fall of 1916. While so employed, using a heavy iron bar weighing about 90 pounds, in breaking clinkers in one of the furnaces, he received an injury to his right hip or leg by the slipping of the bar and its striking him with some force. This occurred in the fore part of November, but the exact date is in dispute, as is also the length of time he continued to work thereafter. It appears, however, that he became unable to pursue his employment and remained indoors until Christmas eve when he went down town to have his hair cut, accompanied by his brother and a friend. When on the street his crutch slipped and he fell. It is to be inferred that he either received a fracture at or about the place of injury, or that the injury was considerably aggravated by the fall. He does not appear to have received the attention and treatment that his condition required, and not until January 11th following was he taken to the hospital, where he was operated upon on the 13th, but did not recover from the shock and died the same day. The board found the injury received while in the employ of defendant sugar company was the proxi-

mate cause of his death and made an award for partial dependency in favor of plaintiffs, who are his father, mother, and young sister, using the so-called "300 rule" in making the computation.

Testimony was introduced tending to show that deceased was lame and used a cane prior to his employment by defendant, but this was denied by other witnesses; members of his family explain that he had an ingrowing toenail, and when he put on a new pair of shoes this caused whatever appearance of lameness he exhibited, and that he had always been in good health before the accident. The credit of the testimony was for the board. It is true, as claimed by the defendant, that the burden of proof was upon the plaintiffs. But where there is testimony in the record to sustain the finding of the board we cannot disturb such finding in the absence of fraud. Whether the testimony introduced by one side preponderates over that of the other is exclusively for the determination of the board. We have had occasion to consider cases of an accident followed by a subsequent injury, where the original injury was held by the board to be the proximate cause of the disability for which compensation was awarded. *Cook* v. *Charles Hoertz & Son,* 198 Mich. 129; *Reiss* v. *Manufacturing Co., ante,* 90, and in each case affirmed the finding of the board. The instant case is not sufficiently unlike these cases to require further comment.

Deceased was unmarried. There is much controversy over the question of the dependency of the plaintiffs. Testimony was introduced showing that they occupied a house owned by a brother of deceased, the rent of which was admitted to be worth seven dollars per month; that the father owned a farm of 40 acres; that the parents sold butter and milk; that deceased was usually well dressed, owned an automobile and took a young lady whom he was engaged to marry to

shows and entertainments, and that his wages were not large. On the other hand, it was testified that the farm was heavily encumbered, did not produce enough to pay taxes and interest; that the father was injured in an accident, seven or eight years previous and had since been unable to work; that deceased bought all the groceries and gave his parents cash for their necessities; that he clothed the little sister, and the mother positively testified that he had supported them since he was 15 years of age. While the exact sum furnished to plaintiffs by the deceased was not made as definite as it might have been, or should have been, we are not persuaded that we can say that there is no evidence upon which the board could base its conclusion of partial dependency or the weekly amount thereof found by it.

Defendant did not operate its plant the entire year. Its "campaign," which is conducted in the fall, appears from this record to average some 60 odd days. The parties seem to agree that firemen are employed a few days longer and it is agreed that they average 74 days' work during the year. The employment in defendant's plant may be termed seasonal, and the case falls squarely within *Andrejwski* v. *Coal Co.*, 182 Mich. 298. That case so fully discusses the four classifications found in the statute that it is only necessary to refer to it. The compensation in the instant case should have been computed under the fourth classification in accordance with the holding in that case.

The award will be vacated and the case remanded for further proceedings not inconsistent with this opinion.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.