O'BRIEN *v.* ALBERT A. ALBRECHT CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING BY INDUSTRIAL ACCIDENT BOARD—CONCLUSIVENESS.

While there was testimony that would have justified the industrial accident board in finding that a previous injury to plaintiff was the proximate cause of the later one, the finding of the board to the contrary will not be reversed where there was competent testimony to sustain such finding.

2. SAME—HERNIA—REFUSAL OF OPERATION—RELEASE OF EMPLOYER FROM LIABILITY.

Where an employee, an intelligent man, suffering with hernia caused by an accident in defendant's employ, refused the employer's offer of an operation, which was advised by his own physician as well as by the employer's physician, said operation being a minor one and unattended with danger to life or health, affording the only reasonable prospect of restoration of plaintiff's capacity to labor at his trade, said employer was relieved, for the time being, at least, from liability to pay further compensation for said disability.[1]

3. SAME—TOTAL DISABILITY—EXCESSIVE AWARD.

On certiorari to review an award of $10 per week to plaintiff for total disability to work at his trade of carpenter while he was already receiving $7 per week from a former employer for partial disability to work at the same trade, said award will be reversed and the case remanded for

---

[1]On duty of injured employee to submit to surgical operation or other medical treatment, see notes in L. R. A. 1916A, 139, 259, L. R. A. 1917D, 174.

further proceedings, since the total compensation received by plaintiff for total disability is in excess of the amount authorized by the workmen's compensation act, whether paid by one employer or two.

Certiorari to Industrial Accident Board. Submitted May 1, 1919. (Docket No. 67.) Decided May 29, 1919.

Thomas C. O'Brien presented his claim for compensation against Albert A. Albrecht Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the General Accident, Fire & Life Assurance Corporation, Limited, insurer, bring certiorari. Reversed, and remanded.

*Kerr & Lacey*, for appellants.

*Frederick T. Witmire* (*E. G. Martin*, of counsel) for appellee.

On December 28, 1914, plaintiff, a carpenter, then in the employ of Bryant & Detwiler Company, received a severe accidental injury to both feet and both ankles. Following the accident the Bryant & Detwiler Company, and its insurer, entered into an agreement with plaintiff for compensation for total disability at the rate of $9.45 per week. This agreement was approved by the board. This payment was continued for some time. It would appear that plaintiff's condition improved somewhat and on January 18, 1916, the Bryant & Detwiler Company and its insurer entered into another agreement with plaintiff to thereafter pay for partial disability at the rate of $7 per week. This agreement was likewise approved by the board. The insurer of the Bryant & Detwiler Company continued payments under this agreement down to the time of the hearing of this case before the industrial accident board, and so far as this record discloses are still making such payments. On September 27, 1917, plain-

tiff, while in the employ of defendant Albert A. Albrecht Company, as a carpenter, and while earning $30 per week, suffered another accidental injury, resulting in a hernia. The testimony clearly establishes the tender of an operation for the hernia, that it could be performed without administering a general anaesthetic, by application of a local anaesthetic, that it would not endanger life and that plaintiff could not be cured of the hernia without it. The testimony also clearly establishes plaintiff's refusal to submit to the operation. At the time of the hearing before the committee of arbitration, plaintiff was wearing a truss, getting along fairly well with it and was earning $18 per week for work other than as a carpenter. The industrial accident board awarded him $10 per week against defendant here for total disability. To review this award this writ of certiorari was allowed.

FELLOWS, J. (*after stating the facts*). Counsel for the defendants insist that the original accident which occurred while plaintiff was in the employ of Bryant & Detwiler Company was the proximate cause of the second injury and that there can be no recovery against the defendants, that the recovery should be against the Bryant & Detwiler Company under the holdings of this court in *Cook* v. *Charles Hoertz & Son*, 198 Mich. 129, *Reiss* v. *Northway Motor & Manfg. Co.*, 201 Mich. 90, *Cramer* v. *West Bay City Sugar Co.*, 201 Mich. 500, and *Adams* v. *W. E. Wood Co.*, 203 Mich. 673. In each of these cases the industrial accident board found as a fact that the original accident was the proximate cause of the subsequent injury. There being testimony in each case to sustain such finding, this court affirmed the awards. In the instant case, while there is testimony that would have justified the board in finding that the original accident was the proximate cause of the second injury,

there is also testimony justifying the finding that it was not. There is testimony in this record from which the board was justified in finding as it did that the accident arose out of and in the course of plaintiff's employment with the defendant.

The physician of the company and the one of plaintiff's selection both advised an operation for the hernia. Such operation is not attended with danger to life or health, and it appears to be undisputed that it affords the only reasonable prospect of restoration of plaintiff's capacity to labor at his trade, that of a carpenter. Without it he may be able to labor at such light occupation as the condition of his feet and ankles will permit, but he cannot do heavy lifting as his trade of carpenter requires. During all the time he has refused and still persists in his refusal to submit to the operation advised by his own physician as well as the one in the employ of defendant. Plaintiff is an intelligent man, and whether such refusal is due to a defect of moral courage or not we are unable to say. The board did not find that his refusal was due to any ignorance or misunderstanding on his part and no such finding would be justified on this record. Under such circumstances the case is clearly distinguishable from *Jendrus* v. *Detroit Steel Products Co.*, 178 Mich. 265 (L. R. A. 1916A, 381, Ann. Cas. 1915D, 476), *Poniatowski* v. *Stickley Bros. Co.*, 194 Mich. 294, and *Riley* v. *Mason Motor Co.*, 199 Mich. 233.

We appreciate the timidity with which the average person contemplates an operation, minor as well as major. But we also appreciate that in thousands of cases, operations, many of them of but minor degree, have restored incapacitated men to the army of wage earners, and put them in position to discharge their duty to their dependents, themselves and to society. We are impressed that under the undisputed evidence in the case it was the plaintiff's duty to accept the

tendered operation.  His unequivocal refusal to follow the advice and judgment of both physicians with reference to the operation relieved defendants from further activities in that direction, and, for the time being at least, absolved them from liability.  As was said by this court, speaking through Mr. Justice KUHN in *Kricinovich* v. *Foundry Co.*, 192 Mich. 687:

"Before the defendant is to be charged, in law or morals, with the duty to compensate him, the claimant should first discharge the primary duty owing to himself and society to make use of every available and reasonable means to make himself whole."

In both this case and that of *Jendrus* v. *Detroit Steel Products Co.*, *supra*, this court quoted with approval the following language of Lord M'Laren in *Donnelly* v. *Baird & Co.*, 1 B. W. C. C. 95:

"That if the operation is not attended with danger to life or health, or extraordinary suffering, and if according to the best medical or surgical opinion the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him."

In the *Jendrus Case* Mr. Justice STONE fully considers this question.  That was a case of a major operation of a very serious character.  The workman was an ignorant foreigner, who refused for some time to consent to the operation, but who finally did consent.  Under all the circumstances of that case it was held that the refusal to consent to the operation was not an unreasonable one.

Applying then the rule announced by Lord M'Laren and adopted by this court to the facts of the instant case, we are impressed that plaintiff's refusal was unreasonable.  The operation was not as serious a one as in the *Jendrus Case*.  Indeed, the record discloses

that it was not a serious case of hernia. The operation is not attended with danger to life or health; could be performed by the use of either a general or local anaesthetic; the doctors agree that it is advisable, and it is not disputed that it is the only thing that can be done to effect a cure. Until the plaintiff submits to an operation, which should be at the expense of defendants, he is not entitled to compensation from them.

On September 27, 1917, when plaintiff received the injury here involved, he was receiving $7 for partial disability from the Bryant & Detwiler Company. From that date to the hearing of this case he continued to receive this amount per week. Notwithstanding this fact the board made an award against these defendants for the payment of $10 per week for the same period. So far as we are advised plaintiff is still drawing $7 per week from the Bryant & Detwiler Company and has this award for $10 per week against these defendants. Both injuries occurred while plaintiff was following his trade as a carpenter. His disabilities are disabilities to continue in that line of employment. The maximum of compensation for total disability fixed by the statute is $10 per week, 2 Comp. Laws 1915, § 5439. It must be obvious that a man cannot be more than totally disabled. It should be equally obvious that he cannot receive compensation for more than total disability. Our statute does not provide for concurrent compensation. It fixes a maximum for total disability of $10 per week, and it cannot exceed that sum whether it is paid by one employer or by several.

The award will be vacated, and the case remanded for such proceedings as may be had not inconsistent with this opinion.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.