BRINKERT v. KALAMAZOO VEGETABLE PARCHMENT CO.

1. WORKMEN'S COMPENSATION—SUBSEQUENT INJURY—TOTAL DISABILITY—PROXIMATE CAUSE.

Employer of plaintiff who had suffered an injury to his back from which he had made sufficient recovery to return to work some 10 months before occurrence of second injury which resulted in total disability was solely liable for workmen's compensation where, at time of second injury, it carried its own workmen's compensation insurance and second injury resulted from an independent intervening cause although disability from second injury might not have been as prolonged had it not been for the condition created by the first accident which had occurred at a time when employer had a workmen's compensation insurance carrier, as neither the department of labor and industry nor the Supreme Court has any method of apportioning compensation according to percentages.

2. SAME—FINDING OF DEPARTMENT—EVIDENCE.

Finding of department of labor and industry that employee's total disability was the result of a second accident in which his back was injured, being supported by competent evidence, is binding on Supreme Court (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted January 21, 1941. (Docket No. 76, Calendar No. 41,390.) Decided May 21, 1941.

Petitions of Henry Brinkert against Kalamazoo Vegetable Parchment Company, employer and self-insurer, and General Accident Assurance Corporation, insurer, for further compensation and for original compensation for a second injury sustained while in defendant's employ. Petitions heard together. From award to plaintiff as against Kalamazoo Vegetable Parchment Company, it appeals. Affirmed.

*Mason, Sharpe & Stratton,* for plaintiff.

*Stearns, Kleinstuck & Stapleton* (*Herbert J. Stapleton* and *Glenn S. Allen, Jr.,* of counsel), for defendant Kalamazoo Vegetable Parchment Company.

*Kerr, Lacey & Scroggie,* for defendant General Accident Assurance Corporation.

CHANDLER, J. On May 24, 1937, while in the employ of appellant, plaintiff sustained an accidental injury to his back. He was paid compensation by the General Accident Assurance Company, the employer's insurance carrier at that time. He returned to work on June 21, 1937, but his condition became progressively worse, and finally in June, 1938, by operative procedure, the fourth and fifth lumbar vertebrae were fused.

In October, 1938, he had recovered to the extent that he was again able to return to work and continued to be so employed until September 14, 1939, when a second accident occurred. During this period, he performed his regular duties, but the record shows, and the department so found, that he continued to experience some difficulty with his back and that he had been instructed to request assistance whenever any heavy lifting was required. In the summer of 1939, he asked to be transferred to lighter work and this request was under consideration when the later accident occurred on September 14, 1939.

On the date last mentioned, two fellow employees dropped a shaft which struck a dolly or truck, pushing it against the back of plaintiff's legs. The blow caused him to fall backwards and his back, at the point of previous injury, struck a pipe that was lying across the dolly. He has since been totally disabled. At the time of this occurrence, the employer carried its own insurance.

Plaintiff filed a petition for further compensation based on the first accident and one for notice and adjustment of claim, based on the second accident. Both petitions were heard together, the department entering an award in favor of plaintiff and against appellant.

On this appeal in the nature of certiorari, it is not claimed that plaintiff is not entitled to receive compensation. The dispute is between the employer, who claims that the loss should be borne solely by the General Accident Assurance Company, the insurance carrier at the time of the first accident, or that they should be held jointly liable therefor.

The opinion of the department states:

"In determining the cause of plaintiff's disability, any realistic approach must consider that both

accidents were material factors. The first accident set up the condition which was aggravated to the point of disability by the second. The plaintiff had worked for 10 months at recognized regular employment before the second accident supplied the final touch. The two accidents were not associated in any way except that they both contributed to the same end. The first accident was not the proximate cause of the second accident which was due entirely to the operation of independent forces."

Appellant states the question involved as follows:

"The test of whether the insurer at the time of the first accident or the insurer at the time of the second accident must bear the whole loss depends upon whether the second accident causes a recurrence or an aggravation of the first injury or whether the second accident is an independent intervening cause of the disability."

From this statement, the argument proceeds on the theory that there can be no independent intervening cause of disability if the second accident results in an aggravation of a physical condition, existing as a result of a prior accident. We cannot agree with this proposition.

Numerous cases are cited, including *Cook* v. *Charles Hoertz & Son,* 198 Mich. 129; *Reiss* v. *Northway Motor & Manfg. Co.,* 201 Mich. 90; and *Cramer* v. *West Bay City Sugar Co.,* 201 Mich. 500, which, it is claimed, are in support of appellant's proposition. However, in each of these cases, the department found that the disability in question was a direct result of the prior accident. The element of an independent intervening force was not present. For example, in the *Cook Case,* plaintiff fell because he was obliged to use crutches as a result of the previous accident. The original disability, in other words, was the cause of the fall. Other cases of a

similar import are collected in 7 A. L. R. 1186 and 102 A. L. R. 790.

The case under consideration, however, does not, in our opinion, belong in this classification. The plaintiff had returned to work and was performing his regular duties when struck by and thrown across the dolly with his present total disability as a result. The previous accidental injury in no way contributed to or brought about the accident which occurred on September 14, 1939. The injury he received on that date was caused by the action of an independent intervening force, which became operative without relation to the previous injury. The case is exactly in point with *Borstel's Case,* 307 Mass. 24 (29 N. E. [2d] 130), where it is said:

"The later insurer must pay the compensation if there was any causal relation between the injury of September 13, 1938, and the subsequent total disability, even though the earlier injuries were also contributing causes. *Evans's Case,* 299 Mass. 435 (13 N. E. [2d] 27); *Falcione's Case,* 305 Mass. 433 (26 N. E. [2d] 308). The finding of the reviewing board that such a causal relation existed must stand if there was any evidence to warrant it."

It is true that the disability resulting from the second accident might not have been as prolonged had it not been for the condition created by the first accident. However, neither the department nor this court has any method of apportioning compensation according to percentages.

The department found that the incapacity was the result of the second accident, and this finding of fact is supported by competent evidence and is binding upon us. *

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—REPORTER.

The award is affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, and BUTZEL, JJ., concurred with CHANDLER, J.

WIEST, J. (*concurring*). I concur in the result. If the former injury had no part in causing the second accident then, in point of law, the second injury was independent of the first and total disability occasioned thereby the result of the second injury, and the first injury cannot be linked therewith under the theory of proximate cause.

McALLISTER, J., did not sit.