BAAREMAN v. BLACKPORT PACKING COMPANY

1. WORKMEN'S COMPENSATION—REMAND—SPECIFIC FINDINGS.
    Proceedings to recover workmen's compensation for occupational disability caused by a back injury is remanded to the workmen's compensation appeal board for specific findings as to when plaintiff reached the state of being disabled and whether his disability was worsened by subsequent work activity or whether it was merely made more acutely symptomatic, where the record on appeal does not permit the Court of Appeals to determine the date on which plaintiff was last subject to the conditions resulting in disability.

2. WORKMEN'S COMPENSATION—PERSONAL INJURY—DISABILITY—DEFINITION.
    "Personal injury", in workmen's compensation law, includes a disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arise out of and in the course of the employment (CL 1948, § 417.1[c]).

3. WORKMEN'S COMPENSATION—DISABILITY—DEFINITION.
    "Disability" means the state of being disabled from earning full wages at the work in which the employee was last sub-

————————

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Workmen's Compensation § 537.
[2]  58 Am Jur, Workmen's Compensation § 194.
[3]  58 Am Jur, Workmen's Compensation § 282.
[4]  58 Am Jur, Workmen's Compensation §§ 194, 282.

jected to the conditions resulting in disability (CL 1948, § 417.1[a]).

4. WORKMEN'S COMPENSATION—DISABILITY—PERSONAL INJURY.
   The disablement of an employee resulting from a disability arising out of and in the course of employment is treated as the happening of a personal injury by the workmen's compensation statute (CL 1948, § 417.2).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 November 14, 1968, at Grand Rapids. (Docket No. 4,637.) Decided March 24, 1969. Rehearing denied on application of Hanover Insurance Co., April 28, 1969. Leave to appeal denied on application of Aetna Casualty & Surety Co., August 26, 1969. See 382 Mich 778.

Dale K. Baareman presented a claim for workmen's compensation against Blackport Packing Company, International Insurance Company, Hanover Insurance Company, and Aetna Casualty & Surety Company. Referee's award affirmed by appeal board. Defendants Blackport Packing Company and International Insurance Company appeal. Plaintiff cross-appeals. Reversed and remanded for specific findings.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Smith, Haughey & Rice* (*James E. Gould,* of counsel), for defendants Blackport Packing Company and International Insurance Company.

*Allaben, Massie, Vander Weyden & Timmer,* for defendant Hanover Insurance Company.

*Cholette, Perkins & Buchanan* (*Frederick W. Bleakley,* of counsel), for defendant Aetna Casualty & Surety Company.

BEFORE: HOLBROOK, P. J., and T. G. KAVANAGH*
and McINTYRE,** JJ.

T. G. KAVANAGH, J.    Dale K. Baareman was a
meat truck driver, employed by the Blackport Pack-
ing Company from 1956 until November, 1965.    In
June, 1962, he suffered a fall, either on or off the
job (the facts were disputed), was treated privately
and missed no time from his work as a driver.    On
May 25, 1964, after heavy work involving a great
deal of lifting and carrying over a 10-hour period,
he collapsed at home, was subsequently hospitalized,
placed in traction, treated with medication and fitted
with a brace.    Although the company was notified
of plaintiff's impairment and treatment, no work-
men's compensation claim was filed and no work-
men's compensation benefits were paid.

In June, 1964, plaintiff returned to work, no longer
as a driver but as a loader on the shipping docks.
On January 22, 1965, while working in this capacity,
carrying 100 pounds of meat, plaintiff fell, sustained
a hernia and was hospitalized for corrective surgery,
after which, in February, 1965, he returned to work
in the same position on the docks.    The back prob-
lems persisted until plaintiff again sought medical
attention and, in November, 1965, surgery was per-
formed.    Plaintiff has not returned to work since
that day.

Defendant employer was insured as follows: by
Hanover Insurance Company from November 1,
1958 to November 1, 1963; by International Insur-
ance Company from November 1, 1963 to November
1, 1964; and by Aetna Casualty and Surety Company

---

* THOMAS GILES KAVANAGH, Justice of the Supreme Court, assigned
to sit on the Court of Appeals from February 27, 1969, "until the
work assigned has been completed" pursuant to Const 1963, art 6,
§ 4, and CLS 1961, § 600.225, as amended.
** Circuit Judge, sitting on the Court of Appeals by assignment.

from November 1, 1964, through the date plaintiff last worked. The referee found that plaintiff suffered a personal injury on May 25, 1964, and held International Insurance Company liable for payment of benefits. There appears to have been no finding as to whether the injury suffered was actually made worse by subsequent events at work or whether the injury was merely exacerbated by later incidents. The appeal board affirmed the referee by a vote of 4 to 3, the dissenters concluding that "as a matter of law the date of injury should be November 6, 1965".[1]

Plaintiff appeals, asserting that his correct date of injury is November 6, 1965, thus placing him under the new act.[2] Defendant International Insurance Company appeals, asserting that, from the undisputed facts of the case and from the unrefuted and positive medical findings,[3] as a matter of law the date of injury must be the last day worked. Defendants Aetna and Hanover Insurance, who were dismissed by the referee, have filed briefs in opposition to any holding other than that of the appeal board.

As we see it, there seems to have been no question that the conditions characteristic of and peculiar to the nature of plaintiff's employment made him a prime candidate for occupational disability due to a back injury thereby entitling him to workmen's

---

[1] Applying CL 1948, § 412.1 (Stat Ann 1968 Rev § 17.151) which states: "The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

[2] PA 1965, No 44.

[3] The following excerpt from a report of Dr. Schaubel was read to him and verified by him at the time of taking his deposition.

"His continued heavy work from about March or April of 1965 brought on the recent disk protrusion and the acute pain which prevented him from working and requiring the surgery which I carried out."

compensation benefits. The whole question concerns the date or time of injury to be established, *i.e.,* May 25, 1964, or November 6, 1965.

The term "personal injury" includes a:

"disability which is due to causes and conditions which are characteristics of and peculiar to the business of the employer and which arises out of and in the course of the employment." CL 1948, § 417.1 (c) (Stat Ann 1968 Rev § 17.220[c]).

The word "disability"

"means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability." CL 1948, § 417.1(a) (Stat Ann 1968 Rev § 17.220[a]).

"The disablement of an employee resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act." CL 1948, § 417.2 (Stat Ann 1968 Rev § 17.221).

It seems to us that in order to make a correct finding as to the date Mr. Baareman suffered his disabling personal injury, it is necessary first to determine at what point he reached "the state of being disabled" as defined by the act.

If, as the referee found, plaintiff was disabled in May, 1964, within the terms of the act, then it will be necessary to decide whether his disability was worsened by subsequent work activity or whether it was merely made more acutely symptomatic.

We have been guided by the language of *Smith v. Lawrence Baking Co.* (1963) 370 Mich 169, but we have refrained from following exactly the Court's solution therein. We do this because we cannot say from the record before us the date on which plaintiff

"was last subjected to the conditions resulting in disability."

Reversed and remanded for specific findings.

All concurred.