BEELMAN v. BOICE BIRD & SONS

1. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—CONDITIONS PECULIAR TO EMPLOYER'S BUSINESS.

A compensable injury, under the Workmen's Compensation Act, includes an injury which, though not traceable to a single event, is a direct result of the conditions which are peculiar to the business of the employer (MCLA § 418.898).

2. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—PRIOR INJURY—NEW DISABILITY.

Workmen's Compensation claimant was entitled to compensation for a personal injury where the stooping, bending, and climbing associated with claimant's job as a residential painter disabled him from all but the lightest duties as a painter where claimant had worked for nearly a year as a residential painter and had received the same pay as all the other of his employer's residential painters even though claimant had previously been an industrial painter and had suffered a fall which caused industrial painting to become too strenuous for him, and even though claimant's wages as an industrial painter were slightly greater than those as a residential painter, because claimant had established a wage earning capacity as a residential painter (MCLA § 418.898).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 2 March 2, 1971, at Lansing. (Docket No. 8966.) Decided June 25, 1971. Leave to appeal denied, 386 Mich 751.

Robert J. Beelman presented his claim for workmen's compensation against Boice Bird & Sons and

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 197.

its insurer, Aetna Casualty & Surety Company, and against James Beelman and his insurer, Commercial Union Insurance Company. Benefits granted. Defendants James Beelman and Commercial Union Insurance Company appeal by leave granted. Boice Bird & Sons and Aetna Casualty and Surety Company cross-appeal. Affirmed.

*MacDonald, Fitzgerald & MacDonald,* for plaintiff.

*John Davidson,* for defendants Boice Bird & Sons and Aetna Casualty & Surety Company.

*Markle & Markle* (by *Richard L. MacArthur*), for defendants James Beelman and Commercial Union Insurance Company.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Plaintiff, an industrial painter, fell from a scaffold in November of 1961 while in the employ of defendant Boice Bird & Sons sustaining a fracture of his left heel. Plaintiff also complained that his right ankle and back hurt. Such injuries caused him to miss two weeks of work for which defendant Boice Bird & Sons made voluntary compensation payments. He returned to work briefly, but was forced to leave in January of 1962 because he found climbing and moving heavy scaffolds too strenuous.

Having left Boice Bird, plaintiff commenced working as a residential painter for his brother, defendant James Beelman. Such residential painting involved considerable stooping and bending. In November of 1966, plaintiff experienced serious dif-

ficulty with his back and as a consequence missed work from December 2, 1966, to January 15, 1967. Upon returning he was given lighter work which he performed until January of 1968 when he left the employ of his brother for a few months to work for the Morgan Construction Company for the reason that he was offered a painting job at a substantial increase in wages.

Hearing Referee James W. Nolan heard testimony on April 19, 1968, pursuant to plaintiff's application for hearing filed with the Workmen's Compensation Department on June 29, 1967. He found that plaintiff "did receive a personal injury arising out of and in the course of his employment by the above-named employers [all the defendants] on 11-3-61 and November, 1966 * * * ". He then stated: "Having found that the work performed by plaintiff prior to November, 1966, while in the employ of James Beelman, so aggravated and worsened his condition so that he is now able to do only the lightest duties in his skilled field of employment. Benefits awarded above shall be paid by James Beelman's carrier."

From such order of the hearing referee, defendant James Beelman and his insurance carrier filed an application for review with the Workmen's Compensation Appeal Board. The Board, having reviewed the record, entered an opinion and order affirming the decision of the hearing referee. It is from this action of the appeal board that this appeal is taken by leave.

Part VII of the Workmen's Compensation Act[1] is designed to make compensable any injury which, though not traceable to a single event, is a direct

[1] Part VII has been repealed by PA 1969, No 317, § 898, eff. Dec. 31, 1969. The above sections may be found at MCLA 1971 Cum Supp § 418.401 *et seq.* (Stat Ann 1971 Cum Supp § 17.237[401] *et seq.*).

result of the conditions which are peculiar to the business of the employer:

" 'Personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arise out of and in the course of the employment."[2]

Plaintiff was able to perform his duties as a residential painter from January of 1966 until December of 1966, when due to the constant stooping, bending, and climbing, he found that the pain in his back would no longer allow him to work. Plaintiff did then suffer a "personal injury" as that term is defined in Part VII of the Act while in the employ of defendant James Beelman.

Defendant Beelman contends, however, that plaintiff could not have become disabled while working as a residential painter because he already was disabled at the time he left the employ of Boice Bird & Sons. MCLA § 417.1(a) [Stat Ann 1968 Rev § 17.220(a)] provides:

" 'Disability' means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability."

At the time plaintiff sustained his fall, he was earning $144 per week as an industrial painter. Then upon finding industrial painting too strenuous, he went to work for his brother as a residential painter at $140 per week. It is defendant Beelman's position that since plaintiff was earning $4 less per week after the fall, he was no longer earning "full wages" and was, therefore, already under a "dis-

---

[2] This section may now be found, unchanged, at MCLA 1971 Cum Supp § 418.401(c) (Stat Ann 1971 Cum Supp § 17.237[401][c]).

ability" at the time he left the employ of Boice Bird & Sons.

We disagree. Although plaintiff found it difficult to perform his duties as an industrial painter after the fall, he was able to perform all of the duties required of a residential painter. He received the same rate of pay as that received by all the other painters employed by defendant. He had established a wage earning capacity as a residential. painter prior to the time the constant stooping, bending, and climbing caused the pain in his back to become intense enough to disable him.

He therefore became entitled to workmen's compensation benefits under part VII of the act from defendant James Beelman and his workmen's compensation insurance carrier.

Affirmed.