COUCH v SAGINAW MALLEABLE IRON PLANT, CENTRAL
FOUNDRY DIVISION OF GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—STATUTES—APPEAL BOARD—FINDINGS
   OF FACT—APPEAL AND ERROR.
   The findings of fact made by the Workmen's Compensation
   Appeal Board acting within its powers, in the absence of fraud,
   are conclusive, and the Court of Appeals is powerless to change
   them (MCLA 418.861).

2. APPEAL AND ERROR—RES JUDICATA—WORKMEN'S COMPENSATION.
   A prior decision of the Court of Appeals in a workmen's compen-
   sation case is not res judicata as to another application for and
   grant of leave to appeal from all findings of the Workmen's
   Compensation Appeal Board in the matter where all the deci-
   sional language of the prior opinion of the Court of Appeals did
   was order a remand for reconsideration of a single issue; the
   prior decision is res judicata as to nothing.

3. ADMINISTRATIVE LAW—FINDINGS OF FACT—APPEAL AND ERROR.
   An administrative board charged with making a finding of fact
   must make such a finding clear and unequivocal in its opinion;
   where the opinion of the majority has failed to clearly show a
   finding of fact on a matter at issue or a basis for a decision
   thereon and a minority opinion makes a finding of fact on the
   matter at issue and gives the basis therefor, the Court of
   Appeals will accept as correct the minority finding of fact and
   dispose of the issue accordingly.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 November 8, 1973, at
Grand Rapids. (Docket No. 16506.) Decided Janu-
ary 16, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 529, 530.
[2] 58 Am Jur, Workmen's Compensation §§ 492, 493.
[3] 2 Am Jur 2d, Administrative Law §§ 539–552.

Lee W. Couch presented his claim for workmen's compensation against Saginaw Malleable Iron Plant, Central Foundry Division of General Motors Corporation. The Workmen's Compensation Appeal Board reversed the hearing referee's award. Plaintiff appealed. Reversed and remanded with instructions, 42 Mich App 223 (1972). On remand the Workmen's Compensation Appeal Board affirmed its findings. Plaintiff appeals. Holding and order vacated and remanded with instructions.

*Murphy, Hedberg & Schultz,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy,* for defendant.

Before: R. B. BURNS, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J. This appeal is before us a second time. This by reason of a remand by another panel of this Court. Both times the case came to us on leave granted from a majority opinion of the Workmen's Compensation Appeal Board.

The previous panel remanded because, the opinion recites: "The [Appeal] board, in reaching its decision, here relied on the plaintiff's refusal to undergo corrective surgery". See 42 Mich App 223, 225–226; 201 NW2d 681, 683 (1972).

On remand, the board dutifully addressed itself to the stated reason for remand. The majority opinion, politely but firmly, replied that it did no such thing. Specifically it said:

"While apologizing for any lack of precision or excess of dicta in the earlier opinion, this writer [Chairman

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Gillman] respectfully submits the Board majority did not intend to (nor did it) use plaintiff's failure to submit to the proposed surgery as any legal test."

The authoring majority member then said of the record made:

"The facts therein not having changed in the interim, neither does the fact-finding of this author."

Thereupon the majority persisted in its finding that plaintiff's disability was attributable to a single injury for which he was fully compensated and that he was entitled to no further benefits.

Plaintiff again sought leave to appeal. Again it was granted. Thus it is before us again, but under an even more restricted scope of review.

The board specifically held that the claimed legal error played no part in reaching the conclusion it did. Since that error was based on a finding of fact which was supported by a permissible inference from the medical testimony we are now powerless to change it. "The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive." MCLA 418.861; MSA 17.237(861).

Appellee's contention that the prior decision is res judicata as to another application for and grant of leave from *all* findings of the board is ill-founded. The prior decision is res judicata as to nothing. All the decisional paragraph of the prior opinion did was order a remand for reconsideration of a single issue. The board did exactly what it was told. That is its only duty under such an order of remand.

Thus the question before us now is confined to whether or not there is any testimony or any permissible inferences therefrom to support the

board's finding that plaintiff is not entitled to any further benefits.

Even the long-time and respected member of the board who authored the dissent in the present appeal recognizes this. We quote therefrom:

> "If all this Appeal Board must now do is to reconsider this case 'in the light of this opinion' which was entered by the Court of Appeals, then the majority holding of the Appeal Board in 1971 should here again prevail."

In fairness to the author of the dissent we must go on to say that the dissenting members claim there are two other unadjudicated legal errors. These in substance are that there was *no* testimony to support the majority finding that appellant's present disability resulted *only* from the injury of July 10, 1965, for which all compensation due had been admittedly paid; and that the "favored work" assigned to plaintiff exceeded the medical limitations which both parties agree were established.

As to the first we must hold that the majority conclusion as to disability causation was within the permissible inferences from the testimony adduced. Setting it out would contribute only length and not precedential value to this opinion.

As to the second a much more serious question arises. The majority in the original opinion, which was not modified after remand as to this finding held:

> "A review of the proofs would indicate that permitting this decision to stand would not only penalize the defendant for attempting to rehabilitate and provide limited work for a now-limited employee, but would be against the evidence herein."

As against this the minority in its original fact-finding found:

"When he returned to work in March, 1968, plaintiff's condition had deteriorated to the point that he was placed on 10-pound lifting restrictions, *nonetheless he was assigned to chipping and loading, handling pieces weighing 25 to 35 pounds.* By April, 1968, plaintiff's pain was worse than it had ever been and he found that he could not continue work. He has not worked since." (Emphasis supplied.)

Thus this panel faces a most difficult question. The majority holding is a conclusion that is general in nature and speaks only to the point of the employer's attempt to rehabilitate the injured man and not to the cause of his disability. It is very difficult to tell exactly what the majority meant by the phrase that "permitting this decision [the referee's] to stand * * * would be against the evidence herein".

The minority holds explicitly that the assignment to handling 25- to 35-pound weights as against the 10-pound lifting requirement resulted in plaintiff finding "he could not continue work" and that "[h]e has not worked since".

We resolve the doubt in favor of the injured employee. We may indeed be in error in our legal conclusion that the majority made no express finding of fact which we can weigh against the testimonial record. The finding of fact that has support in the record is found in the opinion of the minority. Since it is the only finding of fact as to causation of the admitted disability we affirm it.

If this opinion stands without modification or reversal by the Supreme Court it stands for this proposition: an administrative tribunal clothed with the awesome power to award or deny benefits in finality on facts found absent fraud should

make those findings clear and unequivocal. Whenever possible transcript references should be made to the testimony it accepts or rejects. By so doing it will insure the effectuation of the legislative intent of severely limiting judicial review.

We vacate the majority holding and the order issued pursuant thereto. We remand with instructions to enter an order consonant with the minority opinion. Costs to appellant.

All concurred.