GIBBS v KEEBLER COMPANY

1. Workmen's Compensation—Workmen's Compensation Appeal Board—Findings.

The Workmen's Compensation Appeal Board must indicate the testimony adopted, the standard followed, and the reasoning used in reaching a decision, and the Board should make its findings clear and unequivocal.

2. Workmen's Compensation—Workmen's Compensation Appeal Board—Legal Standards—Reasoning—Cause of Disability.

An opinion of the Workmen's Compensation Appeal Board is not clear and unequivocable where the legal standard applied is not obvious, the reasoning used may only be inferred, and logic discloses that the cause of the disability involved could be four distinct and different situations, each of which could lead to differing conclusions as to which of two insurance carriers is liable for the compensation award.

3. Workmen's Compensation—Workmen's Compensation Appeal Board—Findings—Date of Disability—Insurers—Liability.

The Workmen's Compensation Appeal Board must determine the date of disability and delineate the standards of law used in making its determination in order to find which of two insurers is liable for payment of a compensation award where an employee suffered two traumatic injuries, either one of which, or both in combination, might have caused the disability, and where different carriers insured the risk at the time of each injury.

4. Workmen's Compensation—Workmen's Compensation Appeal Board—Award—Interest.

A Workmen's Compensation Appeal Board award of interest of 6% per annum is not incorrect.

References for Points in Headnotes

[1, 2] 58 Am Jur, Workmen's Compensation § 462 *et seq.*

Necessity, form, and contents of findings of fact to support administrative determinations relating to workmen's compensation. 146 ALR 123.

[3] 58 Am Jur, Workmen's Compensation §§ 197, 563 *et seq.*

[4] 58 Am Jur, Workmen's Compensation § 281 *et seq.*

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 October 16, 1974, at Lansing. (Docket No. 18212.) Decided November 26, 1974.

Complaint by Helen P. Gibbs against Keebler Company, Liberty Mutual Insurance Company, and Lumbermen's Mutual Casualty Company for workmen's compensation. Benefits granted, and Liberty Mutual Insurance Company found to be solely liable. The Workmen's Compensation Appeal Board affirmed and increased the rate of interest on the award. Liberty Mutual Insurance Company appeals by leave granted. Affirmed in part, reversed in part and remanded.

*Smith, Haughey, Rice, Roegge & Gould* (by *Lance R. Mather),* for Keebler Company and Lumbermen's Mutual Casualty Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for Keebler Company and Liberty Mutual Insurance Company.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

HOLBROOK, P. J. On November 6, 1968, while employed as a cookie packer for the Keebler Company, the plaintiff fell in the parking lot and suffered an injury to her knees. Defendant-appellant, Liberty Mutual Insurance Company, was the workmen's compensation insurer at the time of the accident. The plaintiff consulted the company doctor and missed several days of work due to problems with her knees. Plaintiff returned to the same job, doing somewhat less standing, and in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

April 1969 suffered another injury when she fell from a stool. The defendant-appellee, Lumbermen's Mutual Casualty Company, was insurer at this time. On November 26, 1969, the plaintiff petitioned for a hearing with the Workmen's Compensation Bureau. The hearing was held on November 19, 1970. At the hearing, a doctor's deposition described the plaintiff's condition as a softening or fraying of the knee cartilage and stated that the fall in April 1969 probably intensified the plaintiff's condition; but that the primary cause of the disability was the November 1968 injury. The plaintiff testified that the discomfort and pain from her knees had grown progressively worse. The referee found that Helen Gibbs suffered a compensable injury on November 6, 1968, which injury was the sole cause of her current disability. The referee specifically found that the injury of April 1969 did not relate to the disability.

The referee's order for compensation was affirmed upon appeal by the Workmen's Compensation Appeal Board (hereinafter referred to as WCAB), in an opinion which sets forth its findings. The WCAB, however, did increase the rate of interest on the award from 5% to 6%. Two issues are here presented for consideration. Compensability is not at issue, rather the primary issue to be decided is which insurance carrier is liable for such compensation.

In *Moore v Gundelfinger,* 56 Mich App 73; 223 NW2d 643 (1974), this Court reiterated the teaching of *McClary v Wagoner,* 16 Mich App 326, 328; 167 NW2d 800, 801 (1969), and *Lamb v John's Tavern,* 37 Mich App 678; 195 NW2d 278 (1972), to the effect that the WCAB must indicate the testimony adopted, the standard followed, and the reasoning used in reaching a decision. Further, Justice

O'HARA's statement in *Couch v Saginaw Malleable Iron Plant, Central Foundry Division of General Motors Corp,* 51 Mich App 317, 321–322; 214 NW2d 885, 887–888 (1974), that the WCAB "should make those findings clear and unequivocal" was set out. In the present case, in pertinent part, the WCAB stated:

"Medical testimony by James Glessner, Jr., M.D., establishes that plaintiff has chondromalacia of both knees, more on the right than the left, that this is a condition *almost* certainly due to trauma in her case, the initial fall in the parking lot in November, 1968, *possibly aggravated by the fall from the stool at work on April 6, 1969, and/or by the general duties of her job which required some standing, bending and, on occasion, crawling under the conveyor belt which carried the cookies, in order to perform an operation on the other side."* (Emphasis supplied.)

As the board found the condition was "almost certainly" due to the injury in the parking lot which was "possibly aggravated by the fall from the stool * * * and/or by the general duties of her job", the opinion is not clear and unequivocable. The testimony adopted is obvious as that was the only medical testimony introduced. The legal standard applied is certainly less obvious. The reasoning used may only be inferred by this Court. Logic discloses that the cause of *disability,* in this case, could be due to four distinct and different situations,[1] each with differing operational definitions and which could lead to differing conclusions as to which carrier is liable for the compensation award.

The first possible cause of disability in this case is the first traumatic injury. This is the obvious

---

[1] We note that had there been any implication from the record that the second injury alone or the working conditions solely or a combination of these two factors had caused disability, there would be seven situations to consider.

workmen's compensation claim where there is a clearly specifiable injury, occurring on a given date, *i.e.,* attributable to a single event. See, for instance, *Schinderle v Ford Motor Co,* 316 Mich 387; 25 NW2d 568 (1947).

The second situation is where a single distinguishable traumatic injury *and* the working conditions cause disability. This may be said to be the situation where a preexisting injury, condition, or infirmity is aggravated to disability, or where the injury is not attributable to a single event.[2] See, for instance, *Sheppard v Michigan National Bank,* 348 Mich 577, 585; 83 NW2d 614, 617 (1957), where it is said:

"[W]e clearly established at an early date that disability caused by an aggravation of a pre-existing condition by a compensable event was compensable. We were not concerned with the nature of the pre-existing condition. Our attention, rather, went to the nature of the event causing the final disability."

This situation may also include the so-called occupational disease cases. See *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963), *Sosnowski v Dandy Hamburger,* 384 Mich 221; 180 NW2d 761 (1970), and generally 25 Callaghan's Michigan Civil Jurisprudence, Workmen's Compensation, § 49, pp 404–405.

---

[2] *Cf. Riddle v Broad Crane Engineering Co,* 53 Mich App 257, 260; 218 NW2d 845, 847 (1974); and, *Regis v Lansing Drop Forge Co,* 25 Mich App 637; 181 NW2d 656 (1970), where a claimant originally injured his back and later reinjured his back, the Court found that the injury was not attributable to a single event and that disability was specified as the last day subject to the working conditions from which the disability could arise. This is to be contrasted with "situation number 3". And compare *Brown v Warren Iron & Metal Co,* 44 Mich App 458; 205 NW2d 276 (1973), *lv den* 392 Mich 792 (1974). *Regis* should be compared with *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963), see *Aseltine v Leto Construction Co,* 43 Mich App 559, 561; 204 NW2d 262, 263 (1972).

The third possibility is that there have been two successive traumatic injuries from which either the first or both in combination have caused disability. In this regard, in 3 Larson's Workmen's Compensation Law, § 95.12, pp 508.130–508.133, Professor Larson has written:[3]

"The Massachusetts-Michigan rule in successive-injury cases is to place full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

*"If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second.* In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use.[4] This group also includes the kind

---

[3] Quoted in *Mullins v Dura Corp*, 46 Mich App 52, 55–56; 207 NW2d 404, 405–406 (1973), *lv den* 392 Mich 792 (1974). With *Mullins* compare *Beelman v Boice Bird & Sons*, 34 Mich App 607; 192 NW2d 35 (1971).

[4] *Cook v Charles Hoertz & Son*, 198 Mich 129; 164 NW 464 (1917), where the Court found that had not the first injury occurred plaintiff would not have been on crutches and was still suffering from the first injury. *Cramer v West Bay City Sugar Co*, 201 Mich 500; 167 NW 843 (1918), where plaintiff was originally injured by a heavy iron bar which he was using for his job as a fireman. Later, while going for a haircut, his crutch slipped and he fell. There was an *inference* that the injury was aggravated by the fall. The Court, using a proximate cause analysis, found the case to be similar to *Cook, supra*, and *Reiss v Northway Motor & Mfg Co*, 201 Mich 90; 166 NW 840 (1918). In *Reiss*, plaintiff originally caught his foot between a belt and a pulley and fractured his leg. Later, he fell on the way home from work and rebroke his leg. The Court affirmed the industrial accident board which had concluded that the second fall was a natural result of the first break. These cases are discussed in *Brinkert v Kalamazoo Vegetable Parchment Co*, 297 Mich 611, 614–615; 298 NW 301, 302 (1941), where it is said that *Cook, Reiss* and *Cramer* had been found to be cases where "the disability in question was a direct result of the prior accident". *See also O'Brien v Albert A Albrecht Co*, 206 Mich 101, 103; 172 NW 601, 601; 6 ALR 1257, 1258 (1919), and *Adkins v Rives Plating Corp*, 338 Mich 265; 61 NW2d 117 (1953). *Generally see* 99

of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.

"On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a preexisting condition."[5] (Emphasis supplied.)

The fourth situation, which is conceivably applicable in the present case, is where the two single traumatic injuries in combination with the working conditions cause disability. This is, in the factual context of this case, the situation outlined as number 2 above.

Of the two carriers here in conflict, under the foregoing situations, in the first, the first carrier is liable; in the second, the second carrier is liable; in the third, either the first or second could be liable depending upon the causal relationship between injuries and disability; and, in the fourth, the second carrier is liable. Thus, we must remand for determination of which of the foregoing situations is present. While we may seemingly be asking the WCAB to determine what could not be so determined by physicians with medical certainty, *i.e.,* the date of disability, the WCAB is charged as the trier of facts in these cases and, as such, must

---

CJS, Workmen's Compensation, §§ 179, 180, 181, pp 605–609. The *Brinkert* Court found that the previous accident "in no way contributed to or brought about the [second] accident * * * ", *supra,* p 615; NW 302. *Mullins, supra,* fn 3, p 56; NW2d 406 says that *Brinkert* was a case "where an independent intervening force *caused* a second disabling injury". (Emphasis supplied.)

[5] *See Sheppard v Michigan National Bank,* 348 Mich 577; 83 NW2d 614 (1957), and its various progeny.

make such determination. Our decision herein is not a futile action, rather it is a consistent conclusion with that of the similar case of *Baareman v Blackport Packing Co,* 16 Mich App 429; 168 NW2d 324 (1969), *lv den* 382 Mich 778 (1969). In that case, the claimant suffered a fall in June 1962. On May 25, 1964, after lifting and carrying over a 10-hour period, plaintiff collapsed and was hospitalized. In June 1964, claimant returned to work, on a different job. In January 1965, claimant fell and sustained a hernia. He was hospitalized for corrective surgery. After the surgery, in February 1965, he returned to work, but back problems persisted until plaintiff again sought medical attention and, in November 1965, surgery was performed. The defendant-employer had been insured by three different insurance companies from 1958 until the date plaintiff last worked. The workmen's compensation referee found that the claimant suffered a personal injury on May 25, 1964. This Court found that "there seems to have been no question that the conditions characteristic of and peculiar to the nature of plaintiff's employment made him a prime candidate for occupational disability due to a back injury * * * ". 16 Mich App 432; 168 NW2d 325. After quoting from MCLA 417.1(c); MSA 17.220(c); MCLA 417.1(a); MSA 17.220(a); and MCLA 417.2; MSA 17.221, the Court found "that in order to make a correct finding as to the date Mr. Baareman suffered his disabling personal injury, it is necessary first to determine at what point he reached 'the state of being disabled' as defined by the act". *Id.* at 433; NW2d at 326. The Court found it was further necessary to decide whether the disability was worsened by subsequent work activity and said that it had been guided by *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963). The case was remanded for specific findings.

The assertion that the WCAB's award of 6% interest per annum is incorrect is answered by this Court's opinion in *Morris v Baker Auto Parts,* 57 Mich App 65; 225 NW2d 179 (1974), which we choose to follow.

Affirmed as to the interest issue, and reversed and remanded for the WCAB to make full findings of fact delineating the standards of law used in determining this matter. We do not retain jurisdiction.

All concurred.