WHITLEY *v.* CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY.

An employer's right to notice of injury within 3 months and for which workmen's compensation is sought is a substantial right, the purpose being to give an opportunity to inquire into the alleged injury while the facts are accessible and to provide the care necessary to speed the recovery of the injured employee (CLS 1961, § 412.15).

2. STIPULATIONS—TERMS—ASSENT.

A stipulation need not follow any particular form, but its terms must be definite and certain in order to afford a proper basis for judicial decision, and it is essential that it be assented to by the parties or those representing them.

3. SAME—CONSTRUCTION.

The language of a stipulation will not be so construed as to give the effect of a waiver of a right not plainly intended to be relinquished.

4. SAME—CONSTRUCTION—INTENT.

A stipulation is to be interpreted with reference to its subject matter, and is to be read and construed in the light of the surrounding circumstances and the whole record, the intention of the parties being collected from the entire instrument, not from detached or isolated positions.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 381–384.
Requirement of workmen's compensation act as to notice of accident or injury.  78 ALR 1232, 92 ALR 505, 145 ALR 1263.
[2] 50 Am Jur, Stipulations § 3.
[3, 4] 50 Am Jur, Stipulations § 8.
[5, 6] 50 Am Jur, Stipulations §§ 9, 10.
58 Am Jur, Workmen's Compensation § 385.
[7] 14 Am Jur, Costs §§ 91–97.

5. WORKMEN'S COMPENSATION—NOTICE OF INJURY—STIPULATIONS—
WAIVER OF PROOF.

Disputed portion of oral stipulation that had been made at
hearing by referee of workmen's compensation department
*held*, not to have waived proof of timely notice of arm injury
(CLS 1961, § 412.15).

6. SAME—NOTICE OF INJURY—STIPULATION—WAIVER OF PROOF.

Case is remanded to workmen's compensation appeal board for
the taking of additional testimony as to whether timely notice
had been given of plaintiff employee's arm injury, where
plaintiff claimed reliance on a stipulation that is held to have
failed to waive proof of such notice (CLS 1961, § 412.15).

7. COSTS—WORKMEN'S    COMPENSATION—ADDITIONAL    TESTIMONY—
NEITHER PARTY PREVAILING FULLY.

No costs are allowed on appeal from workmen's compensation
appeal board, where case is remanded for reference to a referee
for the taking of additional testimony as to issue involved,
since neither party has succeeded fully.

Appeal from Workmen's Compensation Appeal
Board. Submitted January 10, 1964. (Calendar No.
17, Docket No. 50,273.) Decided September 2, 1964.

Sidney Whitley presented his claim against
Chrysler Corporation for compensation by reason
of injury to arm. Award to plaintiff. Defendant
appeals. Remanded for additional testimony.

*Joseph M. Rubin,* for plaintiff.

*Lacey & Jones (Thaddeus F. Felker,* of counsel),
for defendant.

SMITH, J. Defendant corporation, upon leave
granted, appeals from a decision of the workmen's
compensation appeal board affirming an award of
disability benefits.

On November 19, 1959, plaintiff* filed with the workmen's compensation department an application for hearing and adjustment of claim, alleging tuberculosis in the bone of the left arm as the nature of his disability. Said application was mailed November 25th and received by the employer on November 26th. Plaintiff's claim was based upon injury to his left arm allegedly sustained August 23, 1959, while pulling chains during the course of his employment. Defendant filed answer denying each material allegation, including denial of notice of injury within the statutory period.

It was disclosed at the hearing that plaintiff had sustained an earlier injury to his left arm, that is, in 1952, also during the course of his employment with the same corporation. At that time, plaintiff was treated by defendant's medical department and did not claim compensation benefits; neither did he stop work. After continued difficulty with the arm, plaintiff's own physician discovered in 1954, that plaintiff had contracted tuberculosis of the bone in the region of the left elbow. The diseased joint was fitted with a metal brace and, with sustained treatment, plaintiff was able to continue work.

Plaintiff testified that in the early part of August, 1959, while working, he attempted to pull some heavy objects, and, as he expressed it, "I felt my arm give." Some time later, that is, on August 24, 1959, plaintiff visited his physician who placed the arm in a cast. Plaintiff was unable to work thereafter.

The referee found that plaintiff injured his arm August 10, 1959, and thereupon awarded compensation from August 24, 1959, the first day of disability.

---

* Since submission of this case, attorneys for the parties have stipulated in writing that Ann Whitley, wife, and special administratrix of the estate of Sidney Whitley, deceased, be substituted as party plaintiff. However, the deceased will be referred to in this case as plaintiff or as employee-claimant.

The appeal board affirmed, and we granted leave on application of the employer. The question presented is whether statements by the employer's attorney constituted a stipulation that the employer had received notice or knowledge of the employee's injury within the statutory period of 3 months.

Defendant contends that it first received notice of the injury upon receipt of the application for hearing on November 26, 1959. It is thus asserted by defendant that the award of compensation was contrary to law in view of the statute pertaining to notice of injury which provides in part:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof." CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165).

It is well-established that the employer's entitlement to such notice is a substantial right, the purpose being to give an opportunity to inquire into the alleged injury while facts are accessible, and to provide the care necessary to speed the recovery of the injured employee. *Banks* v. *Packard Motor Car Co.,* 328 Mich 513.

The appeal board, in affirming the referee's award, held that the question of notice was controlled by stipulation taken at the beginning of the hearing, wherein colloquy between the referee and defendant's attorney is quoted in part as follows:

"May it be stipulated that both the employer and employee were subject to the compensation law?

"*Mr. Felker:* Yes, Your Honor.  *  *  *

"*The Referee:* That the employee was in defendant's employ on August 23, 1959?

"*Mr. Felker:* August 23, 1959?

"*The Referee:* Yes.

"*Mr. Felker:* On or about, yes, Your Honor.

"*The Referee:* That a personal injury occurred on that date?

"*Mr. Felker:* That is denied.

"*The Referee:* There was no report of such an injury made to the department?

"*Mr. Felker:* No report was filed, *no information was given to the employer until the application, Your Honor.*

"*The Referee:* May it be stipulated that the employer had notice and knowledge of the alleged personal injury *within the statutory period?*

"*Mr. Felker: By application, Your Honor.*" (Emphasis supplied.)

It is the last answer of appellant's attorney, "By application, Your Honor" which presents the issue on appeal. Did the answer constitute a stipulation of notice? If not, should this Court attempt a finding of notice upon the record presented?

Surely no fault can be found with the referee's question. In effect it asks if the employer will stipulate with employee-claimant that the employer had notice and knowledge of the alleged injury within the statutory period of 3 months. The question required no lengthy or involved answer. Either affirmance or denial was indicated, in the same manner perhaps as appellant's attorney had previously responded to the referee's question, seen from the full quotation above. However, in the last 2 answers of Mr. Felker (employer's attorney), reference was made to the "application." In the second to last answer, he said that "no information was given to the employer" about the injury, "until the application," meaning presumably not until the application was received by the employer. Receipt date of the application undisputedly was November 26, 1959. Quoting only the last question and answer (see above) in its opinion, the appeal board held that "Having stipulated as set forth above, defendant is in no position to assert

that the decision of the hearing referee should be reversed on the issue of notice."

On appeal, the corporation argues that the board's decision is clearly erroneous; it says that "a complete review of the stipulations taken before the hearing referee can raise only 1 conclusion" and that being that notice of injury was first received upon receipt of the application November 26, 1959. Employee-claimant argues that he relied upon the stipulation and "did not offer all the proofs he could have." However, he says, "fortunately" evidence in the record establishes that the employer had notice and knowledge of the injury.

First, as to the question of stipulation: "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a proper basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." 83 CJS, Stipulations, § 3, p 3. The language of a stipulation will not be so construed as to give the effect of waiver of a right not plainly intended to be relinquished. *Rossello* v. *Trella,* 206 Mich 20, 24. See 21 MLP, Stipulations, § 4, p 160. "The stipulation is to be interpreted with reference to its subject matter, and is to be read and construed in the light of the surrounding circumstances and the whole record. * * * A stipulation must be construed as a whole and the intention of the parties collected from the entire instrument, and not from detached or isolated portions." 83 CJS, Stipulations, § 11, pp 29, 30.

As applied in the case before us, we construe the disputed portion in light of the entire stipulation or stipulations of which pertinent parts are quoted above and to which previous reference has been made. When so construed, we conclude as a matter of law that the answer, "By application, Your Hon-

or," viewed in context, did not evince an intention to waive proof of notice of injury. This construction appears to be the only one consistent with the quoted colloquy between attorney and referee. Where the attorney meant to stipulate, his answer to the referee was an unequivocal "yes". However, when it came to the question of notice of injury, the answers demonstrate no intention to waive proof of notice by stipulation. When appellant's attorney said "no information was given to the employer until the application," there can be little doubt that he meant the application received November 26, 1959, more than 3 months after injury.

The referee made no specific finding of notice or knowledge by the employer of plaintiff's injury. As 1 of the assignments of error before the appeal board, defendant claimed plaintiff gave no notice of injury. The appeal board answered this assertion by ruling that the question of notice was "controlled" by the alleged stipulation, saying "Having stipulated as set forth above, defendant is in no position to assert that the decision of the hearing referee should be reversed on the issue of notice." Plaintiff claims that he relied upon the alleged stipulation and, therefore, "did not offer all of the proofs he could have." However, he says, there is evidence in the record establishing notice and knowledge of the injury. Defendant claims there is no such evidence.

Plaintiff points out that in *Banks* v. *Packard Motor Car Co., supra,* it was held that this Court may examine testimony taken at a hearing to determine if there is competent evidence to support a workmen's compensation award where the department has failed to make an express finding upon a material issue. It is true that in the *Banks Case,* we found that there was sufficient competent evidence to support the award, in the absence of a specific finding of

notice or knowledge by the department. However, there is an element in this case not found in Banks: there is a disputed stipulation as to notice, coupled with a claim of reliance thereupon. It would seem to be questionable procedure, therefore, for this Court to enter upon a determination of the issue of notice or knowledge where there is reason to believe that proofs as to this material issue are incomplete. Without attempting to determine the issue at this point, it is better that we remand for additional proofs, as the parties may desire. This is the kind of order under the circumstances, which the statute suggests and our inherent responsibility requires. See CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186), also *Pitts* v. *Admiral Plumbing & Heating Co.,* 368 Mich 37.

Remanded to the appeal board for reference to a referee for the taking of additional testimony as to the issue involved. No costs; neither party having succeeded fully.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, O'Hara, and Adams, JJ., concurred.