CARTER v KELSEY-HAYES COMPANY

Opinion of the Court

1. Workmen's Compensation—Disablement—Disability—Notice to Employer—Statutes.

The right of the employer to timely notice of disablement or disability within the meaning of the Workmen's Compensation Act is a substantial right, the purpose of which is to provide an opportunity to inquire into the alleged injury while the facts are assessable, and though such notice may be oral or written, it must reasonably inform the employer of the compensable incident; the employer must not only be informed as to the incident (whether injury by accident or disease), but also that disability has resulted therefrom (MCLA 417.10).

2. Workmen's Compensation—Findings—Factual Basis—Disablement—Disability—Notice to Employer—Appeal and Error.

A finding by the Workmen's Compensation Appeal Board of timely notice to the employer of an employee's disablement or disability, supported by a factual basis on the record, will be binding upon the Michigan Supreme Court even if its perspective of the facts would lead to a contrary result.

---

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation § 380.
[2] 58 Am Jur, Workmen's Compensation § 525.
[3–7] 58 Am Jur, Workmen's Compensation § 530 et seq.

3. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

> The Michigan Supreme Court does not review the findings of fact of the Workmen's Compensation Appeal Board, except to determine whether there is any evidence to support the award; the evidence need not be direct; it may be circumstantial.

4. WORKMEN'S COMPENSATION — WITNESSES — CREDIBILITY — INFERENCES — APPEAL AND ERROR.

> The Workmen's Compensation Appeal Board not only passes on the credibility of witnesses, but draws its inferences from the circumstances and facts which it finds established and the Michigan Supreme Court may reverse awards for a failure of evidence to support them but is not the trier of the facts.

5. WORKMEN'S COMPENSATION—APPEAL AND ERROR—EVIDENCE—FINDINGS.

> The appellate function of the Michigan Supreme Court in workmen's compensation cases is markedly limited to questions of law only and does not permit scale-weight of evidence and inference, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance; the Court's obligation is to accept, without question, findings that are certified to the Court if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof.

6. WORKMEN'S COMPENSATION—SILICOSIS—NOTICE TO EMPLOYER—FINDINGS—APPEAL AND ERROR.

> Factors of premature retirement, knowledge of plaintiff's medical history, and plaintiff's explicit citation of silicosis as the basis for his request for premature retirement, constituted notice to his employer and provided an adequate basis for the Workmen's Compensation Appeal Board's finding that the employer was timely notified of plaintiff's disability.

OPINION CONCURRING IN AFFIRMANCE
BLACK, J.

7. WORKMEN'S COMPENSATION—SILICOSIS—EVIDENCE—NOTICE TO EMPLOYER.

> *Award of workmen's compensation should be affirmed where there is some evidence in the record which tends to justify the specific conclusion reached by a majority of the Work-*

*men's Compensation Appeal Board that the employer knew from annual examinations of plaintiff's chest that he did have silicosis, obviously knew about the dust conditions which plaintiff was subjected to during the course of his employment, and that plaintiff claimed compensation well within six months of the time he left employment.*

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and R. B. Burns and Holbrook, JJ., denying leave to appeal from the Workmen's Compensation Appeal Board. Submitted November 2, 1971. (No 20. October Term 1971, Docket No. 52, 870.) Decided February 25, 1972.

William S. Carter presented his claim against Kelsey-Hayes Company for workmen's compensation. Award granted. Defendant's application for leave to appeal to the Court of Appeals denied. Defendant appeals. Affirmed.

*Kozlow, Jasmer & Woll* (by *John L. Crowley*), for plaintiff.

*Lacey & Jones* (by *F. L. Sylvester*), for defendant.

T. M. KAVANAGH, C. J. Plaintiff was employed by defendant from November 11, 1935, until July 1, 1966, during which time, as conceded by both parties, plaintiff was exposed to foundry dust. Beginning as early as 1947, plaintiff periodically received X-ray examinations which in later years revealed that plaintiff had developed silicosis. He was apparently so advised in 1960 by defendant's clinic. Plaintiff nevertheless continued doing the same type of work.

In May of 1966, plaintiff requested early retirement and at his retirement interview on May 11, 1966, he cited as his reasons for submitting such request the factors of his age of 62, his known sili-

cosis condition and his desire to add a year or two to his life by leaving the dusty work environment to which he had been subjected. He, however, indicated that otherwise he felt fit to continue working. Plaintiff was thereupon allowed early retirement effective July 1, 1966.

On November 1, 1966 (124 days after plaintiff's last day of work), the Workmen's Compensation Department received plaintiff's application for compensation. Plaintiff therein claimed disablement due to silicosis contracted from years of exposure to foundry dust.

The hearing referee found disablement as of plaintiff's last day of work (June 30, 1966) and awarded compensation accordingly. Defendant appealed the award, contending plaintiff had not established disability and further that his claim was barred by the provisions of MCLA 417.10; MSA 17.229[1] requiring that notice be given the employer within 120 days after disablement. The Workmen's Compensation Appeal Board affirmed the hearing referee's award in a 4–3 decision, the dissenters discussing principally the issue of timely notice.

Defendant's application for leave to appeal was denied by the Court of Appeals on May 11, 1970. Appellant is here on leave granted. 384 Mich 769.

We now review the one issue raised:

Whether plaintiff gave timely "notice" to his employer of disablement or disability within the meaning of the Workmen's Compensation Act[2] by advising his employer that he desired early retirement due to his silicosis condition?

As we said in *Whitley* v *Chrysler Corp,* 373 Mich 469, 472 (1964), this right of the employer to timely

---

[1] Now MCLA 418.441; MSA 17.237(441), which embodies the same provision.

[2] 1912 PA (1st Ex Sess) 10, as amended (MCLA 411.1 *et seq.;* MSA 17.141 *et seq.*).—REPORTER.

notice is a substantial right, the purpose of which is
to provide an opportunity to inquire into the alleged
injury while the facts are accessible. See, also,
*Banks* v *Packard Motor Car Co,* 328 Mich 513 (1950).

However, as indicated in *Krzewinski* v *Robert
Gage Coal Co,* 304 Mich 63, 68 (1942), "no niceties
of expression are required, provided the employer
has actual notice". Further, in *Littleton* v *Grand
Trunk R Co,* 276 Mich 41 (1936), we held that though
such notice may be oral or written, it must reason-
ably inform the employer of the compensable inci-
dent. It is not sufficient that the employee states in
casual conversation that he does not feel well and
wonders if an injury, vaguely referred to, might be
the cause. There must be more. The employer must
be informed not only as to the incident (whether
injury by accident or disease), but also that disabil-
ity has resulted therefrom.

Defendant maintains that *Tomasini* v *Youngstown
Mines Corp,* 366 Mich 503 (1962), is controlling here.
We do not agree.

In *Tomasini* we vacated a compensation award be-
cause there was no evidence of any notice given the
employer within the applicable period of limitations.
Thus, mindful of the legislative restraint imposed
upon our review of such cases,[3] we found a clear
error of law; there was *no* factual basis for the
award.

We have specifically held that a finding of timely
notice by the Appeal Board, supported by a factual
basis on the record, will be binding upon us even if

[3] MCLA 418.861; MSA 17.237(861) provides: "The findings of
fact made by the board acting within its powers, in the absence
of fraud, shall be conclusive. The court of appeals and the supreme
court shall have power to review questions of law involved in any
final order of the board, if application is made by the aggrieved
party within 30 days after such order by any method permissible
under the rules of the courts of the laws of this state." (Substan-
tially the same as former MCLA 413.12; MSA 17.186.)

our perspective of the facts would lead us to a contrary result. *Coates* v *Continental Motors Corp,* 373 Mich 461, 466 (1964).

We now reiterate the characterizations of our appellate function in such cases, as set forth in *Thornton* v *Luria-Dumes Co-Venture,* 347 Mich 160, 162 (1956), initially quoting from *Meyers* v *Michigan Central R Co,* 199 Mich 134, 137, 138 (1917):

" '[T]his Court does not review the findings of fact of the board, except to determine whether there is any evidence to support the award. The evidence may not be direct; it may be circumstantial. The board not only passes on the credibility of witnesses, but draws its inferences from the circumstances and the facts which it finds established. We may reverse awards for a failure of evidence to support them, but we are not the triers of the facts. With this view in mind, we approach the consideration of this case.'

"Our jurisdiction, invoked upon issuance and return of certiorari to the workmen's compensation department, is markedly limited. The writ brings us questions of law only. It does not permit scaleweight of evidence and inference here, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance. Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof."

In the instant case, unlike *Tomasini, supra,* we do find from the facts and circumstances, and permissible inferences drawn therefrom, a basis for the conclusion of the Appeal Board. The factors of premature retirement, knowledge of plaintiff's medical history, and plaintiff's explicit citation of silicosis as the basis for his request for premature retirement,

constituted notice to defendant and provided an adequate basis for the Appeal Board's finding that defendant was timely notified of plaintiff's disability.

Having so found, we exhaust our power of review here.

Accordingly, plaintiff's award is affirmed.

Adams, T. E. Brennan, T. G. Kavanagh, Swainson, and Williams, JJ., concurred with T. M. Kavanagh, C. J.

Black, J. (*concurring in affirmance*). I agree that this case is, to some extent, factually distinguishable from *Tomasini* (366 Mich 503); also that there is some evidence in the record which tends to justify the specific conclusion reached by a majority of the appeal board:

"Having in mind that the proofs before us show that the employer knew from annual examinations of plaintiff's chest that he did have silicosis and that the employer obviously knew about the dust conditions which the unrebutted evidence presented here shows that plaintiff was subjected to during the course of his employment, we then ask, what more could plaintiff have told his employer at the time that he left their employ other than he was leaving because he had silicosis and was attempting to protect himself so that he might live as long as he could with the employment incurred disease? Plaintiff was not required to claim compensation at that time but did have to make his claim in six months for it to be valid. Thus he did, well within six months."

Proof in *Tomasini,* no counterpart of which appears in this record, was quoted by footnote on page 505 of Tomasini's report:

"Plaintiff testified:

" '*Q*. We have to ask you these questions for the record. During the time before you quit the mine did you ever talk to Mr. Purpich [plaintiff's foreman] about having these troubles, you yourself?

" '*A*. No. I didn't mention to nobody. I going to quit I tell them, that's all.'

"The testimony of Mr. Purpich was to the identical effect; that plaintiff quit without complaint and 'told me he was going on pension.' "

This is not all. In *Tomasini* the plaintiff's medical witness, Dr. Martinetti, did not come through for him on the pivotal issue, that is, the "date of disablement". For details, see *Tomasini* at 508.

For these reasons I concur in affirmance.