BASALLA v GENERAL MOTORS CORPORATION

Docket No. 77427. Submitted November 20, 1984, at Lansing.—Decided January 14, 1985. Leave to appeal applied for.

Plaintiff, Mike Basalla, slipped and fell, injuring his left ankle and knee while working for defendant General Motors Corporation on August 21, 1972. Plaintiff went to defendant's medical department where he was treated. He was off work for approximately three weeks and was paid workers' compensation benefits. When plaintiff returned to work he was put on light duty. Plaintiff had problems with the knee in 1973 and surgery was performed on it in 1974. Plaintiff worked under restrictions until he retired on October 31, 1975. On December 14, 1978, plaintiff applied for workers' compensation disability benefits. The hearing revealed the following. Walter Sobolewski, plaintiff's supervisor, testified that plaintiff made some comment that his legs were giving him trouble when he retired. James F. Ball, a staff assistant with defendant, stated that he interviewed plaintiff shortly before he retired. Ball noticed that plaintiff had an obvious limp, but plaintiff did not mention that his leg was giving him trouble nor did he mention it as a specific reason for retirement. The hearing referee denied benefits. The Workers' Compensation Appeal Board reversed and awarded benefits. Defendant appealed by leave granted. *Held:*

1. Defendant raised the issue of whether it had notice of the injury. The question of whether an employer had notice of an employee's injury is a question of fact for the WCAB and is conclusive in the absence of fraud if there is any competent evidence in the record to support it. The following factors support the WCAB's finding of notice. Plaintiff retired early and defendant was aware that he had job restrictions against excessive standing and that plaintiff's job nonetheless required him to stand as much as four hours a day. Defendant was also aware of plaintiff's 1972 knee injury, his knee problems in 1973

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[1-4] 82 Am Jur 2d, Workmen's Compensation § 442 *et seq.*
[2] 82 Am Jur 2d, Workmen's Compensation §§ 486, 684.

and his knee surgery in 1974. Plaintiff's supervisor testified that just prior to plaintiff's retirement he complained about his knee problem and that the condition of plaintiff's leg was common knowledge. There was competent evidence to support the WCAB's finding of notice.

2. Defendant claimed that plaintiff's claim was not timely because it was not made within six months after the injury, as required by statute. At the time of plaintiff's injury in 1975, § 381 provided that a claim must be made within six months of the date of injury. The date of injury would be the last day of work because the injury was not directly attributable to a single event. Plaintiff relied on that portion of § 381 which in 1975 stated that the period is tolled if the employer fails, neglects or refuses to report the injury to the bureau. The statute and administrative rules required an employer to file notice on a Form 100. Defendant had an obligation to file a Form 100. Plaintiff was disabled more than seven days. The WCAB found that plaintiff's disability precipitated his early retirement. The original Form 100, filed after the plaintiff was injured in 1972, would not start the limitation period running on plaintiff's claim of a disability sustained in October, 1975. The two injuries were separate. The personal injury in 1972 was a distinct injury from the disability in 1975. Defendant's failure to file the Form 100 suspended the statutory time limits for filing a notice and claim by plaintiff.

3. Defendant's final claim is that there is an absolute bar to plaintiff's claim because it was not made within three years of his retirement in 1975 notwithstanding the defendant's failure to file a Form 100. Defendant's failure to file a Form 100 estops it from asserting the three-year limitation.

Affirmed.

J. H. GILLIS, P.J., dissented. He would hold that there was insufficient evidence of notice to defendant. He would reverse.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — NOTICE — FINDINGS OF FACT — AP-
PEAL.

   The question of whether an employer had notice of an employee's injury is a question of fact for the Workers' Compensation Appeal Board and is conclusive in the absence of fraud if there is any competent evidence in the record to support it.

2. WORKERS' COMPENSATION — LIMITATION OF ACTIONS — TOLLING —
NOTICE.

   The law in effect in 1975 required an employer who had notice of

an employee's injury to file a notice of the injury with the Workmen's Compensation Bureau and provided that failure to file the required notice tolled the running of the six-month period for filing claims and estopped the employer from asserting the defense that a claim must be filed within three years from the date of the injury in cases where actual injury, disability or incapacity occurs more than six months after the injury (1969 PA 317, § 381[1]).

DISSENT BY J. H. GILLIS, P.J.

3. WORKERS' COMPENSATION — NOTICE.

*The law in effect in 1975 requiring that an injured employee give notice to his employer required that, to be eligible for disability benefits, the employer have notice not only of the injury but also of the disability that resulted therefrom (1969 PA 317, § 381[1]).*

4. WORKERS' COMPENSATION — NOTICE.

*The right of an employer to timely notice of an injury to or disability or incapacity of an employee who seeks workers' compensation benefits is an important and substantial right, the purpose of which is to provide an opportunity to inquire into the alleged injury while the facts are still accessible.*

*John J. Grech & Associates, P.C.* (by *Robert Szalka),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit),* for defendant.

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

PER CURIAM. Defendant appeals from a decision by the Workers' Compensation Appeal Board reversing hearing referee's decision denying benefits to the plaintiff. Defendant filed an application for leave to appeal and leave was granted by this Court.

Plaintifff slipped and fell, injuring his left ankle and knee at work in defendant's facility on August

* Circuit judge, sitting on the Court of Appeals by assignment.

21, 1972. Plaintiff went to defendant's medical department where he was treated. He was off work for approximately three weeks and was paid workers' compensation benefits. When plaintiff returned to work he was put on light duty. Plaintiff had problems with the knee in 1973 and surgery was performed on it in 1974. Plaintiff worked under restrictions until he retired in 1975.

Walter Sobolewski, plaintiff's supervisor, testified that plaintiff made some comment that his legs were giving him trouble when he retired. James F. Ball, a staff assistant with defendant, stated that he interviewed plaintiff shortly before he retired. Ball noticed that plaintiff had an obvious limp, but plaintiff did not mention that his leg was giving him trouble nor did he mention it as a specific reason for retirement.

Medical testimony was submitted relating to plaintiff's injury and subsequent treatment. The hearing referee denied benefits. The WCAB reversed the hearing referee, finding that defendant had adequate notice of plaintiff's disability and that plaintiff was disabled and entitled to beneftis.

Defendant raises three issues on appeal. Defendant's first claim is that the WCAB erred in concluding that defendant had notice of plaintiff's disability because defendant was aware plaintiff was having problems with his knee up until his last day of work.

The question of whether an employer had notice of an employee's injury is a question of fact for the WCAB. *Krol v City of Hamtramck,* 54 Mich App 234; 220 NW2d 743 (1974); *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973), *lv den* 390 Mich 767 (1973). Fact findings by the WCAB are conclusive in the absence of fraud if there is any competent evidence to support the findings. *Kostamo v Marquette Iron Mining Co,*

405 Mich 105, 135-136; 274 NW2d 411 (1979); *Carter v Kelsey-Hayes Co,* 386 Mich 610, 614-615; 194 NW2d 326 (1972); *Leizerman v First Flight Freight Service,* 135 Mich App 385, 391; 354 NW2d 351 (1984). All that is required is that the employer have actual notice. A finding of timely notice by the WCAB is binding on the courts if it is supported by a factual basis in the record. *Carter, supra,* pp 614-615.

In this case the following factors support the WCAB's finding of notice. Plaintiff retired early and defendant was aware that he had job restrictions against excessive standing and that plaintiff's job nonetheless required him to stand as much as four hours a day. Defendant was also aware of plaintiff's 1972 knee injury, his knee problems in 1973, and plaintiff's knee surgery in 1974. Plaintiff's supervisor testified that just prior to plaintiff's retirement he complained about his knee problem and that the condition of plaintiff's leg was common knowledge. There was competent evidence to support the WCAB's finding of notice. *Shaw v General Motors Corp,* 320 Mich 338, 349; 31 NW2d 75 (1948).

Defendant's next claim is that plaintiff's claim was not timely because it was not made within six months after the injury, as required by MCL 418.381; MSA 17.237(381). At the time of plaintiff's injury in 1975, § 381 provided that a claim must be made within six months from the date of injury. Under MCL 418.301; MSA 17.237(301) the date of injury in this case would be the last day of work because the injury was not directly attributable to a single event. Plaintiff filed his claim more than six months after his last day of work.

Plaintiff counters relying on that portion of § 381 which in 1975 stated that the period is tolled if the employer fails, neglects or refuses to report

the injury to the bureau. MCL 418.805; MSA 17.237(805), and 1972 AACS R 408.31 require an employer to file notice on a Form 100. The procedure and practices involved in a disease or disability claim are the same as the procedure and practices used in a personal injury situtation. MCL 418.411; MSA 17.237(411); MCL 418.441; MSA 17.237(441).

In this case defendant had an obligation to file a Form 100. Plaintiff was disabled more than seven days; the WCAB found plaintiff's disability precipitated his early retirement. The original Form 100, filed after the plaintiff was injured in 1972, would not start the limitation period running on plaintiff's claim of a disability sustained in October, 1975. The two injuries were separate. The personal injury in 1972 is a distinct injury from the disability in 1975. *Baaremen v Blackport Packing Co,* 16 Mich App 429; 168 NW2d 324 (1969), *lv den* 382 Mich 778 (1969). Defendant had notice of plaintiff's disability. Defendant failed to file a Form 100. Defendant's failure to file the Form 100 suspended the statutory time limits for filing a notice and claim by plaintiff. *Meads v General Motors Corp,* 402 Mich 540; 266 NW2d 146 (1978). Section 381 does not bar plaintiff's claim in this case.

Defendant's final claim is that there is an absolute bar to plaintiff's claim because it was not made within three years of his retirement in 1975 notwithstanding the defendant's failure to file a Form 100. MCL 418.381(1); MSA 17.237(381)(1), at the time plaintiff's claim arose, provided in pertinent part:

"In a case in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not

develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 3 years from the date the personal injury was sustained."

However in *Shaw v General Motors Corp, supra,* p 348, the Court in construing a comparable two-year limitation period in a predecessor statute to § 381 ruled that the defendant was not entitled to assert that the claim was not seasonably filed because it had failed to comply with notice provisions of the statute. The same result must be reached here. Furthermore, the above-quoted sentence of § 381 does not apply in this case because the disability which precipitated the claim did not develop *after* the injury. The injury in this case was the disability that forced plaintiff into early retirement. The disability was not a subsequent development which manifested itself at a later date. It was manifest at plaintiff's retirement and defendant had notice of it at that time.

The WCAB is affirmed. Defendant had notice of plaintiff's injury. Plaintiff's claim was seasonably filed because the limitation period was tolled due to defendant's failure to file a Form 100.

Affirmed.

J. H. GILLIS, P.J. *(dissenting).* I respectfully dissent. I do not believe that this record contains competent evidence to support the WCAB's finding of compliance with the notice provision of MCL

418.381(1); MSA 17.237(381)(1). In *Carter v Kelsey-Hayes Co,* 386 Mich 610; 194 NW2d 326 (1972), the Supreme Court held that the employer must be informed not only of the injury, but that disability has resulted from that injury. *Carter, supra,* p 614. There is no question from the evidence presented in this case that defendant was aware of the injury of 1972 and of the continuing problems plaintiff subsequently experienced with the knee. This, however, is not enough. There must be evidence indicating that the employer was made aware that the knee problems were the reason for plaintiff's decision to retire. The majority's reasoning reminds me of the Latin criticism *post hoc ergo propter hoc, i.e.,* merely because one event follows another does not mean that the first event caused the second. I do not believe that, because plaintiff experienced difficulties with his knee prior to his retirement, the defendant should be expected to know that the retirement was occasioned by the knee problems. The right of an employer to timely notice is an important and substantial right, the purpose of which is to provide an opportunity to inquire into the alleged injury while the facts are still accessible. *Carter, supra,* p 614; *Whitley v Chrysler Corp,* 373 Mich 469, 472; 130 NW2d 26 (1964). Here, the plaintiff did not file his petition for hearing until December 14, 1978, more than three years after the injury/retirement date of October 31, 1975. Such being the case, it is clear to me that defendant was denied the protection afforded employers by the Worker's Disability Compensation Act, thereby adversely affecting its ability to defend against this claim.

I would reverse.