REAMES v CONTINENTAL CAN COMPANY

Docket No. 54024. Submitted June 10, 1981, at Grand Rapids.—Decided October 27, 1981.

Edsell Reames, an employee of Continental Can Company, suffered a work-related back injury in 1962. Reames underwent back surgery in 1963 and returned to work approximately one year later. He was placed on favored employment until 1968, when he was returned to his former unrestricted duties. Reames fell off a ladder and reinjured his back. As a result, he was hospitalized for 10 days and was off work for approximately 5 weeks. He was again put on favored employment when he returned to work and remained on favored employment until 1975 when he was told that his favored work was no longer available and that he would have to return to his former unrestricted duties. Reames refused to accept his former duties. His last day of work was June 6, 1975. An administrative law judge awarded compensation benefits to Reames based on the 1968 injury. The Workers' Compensation Appeal Board found that Reames's disability was the result of both the 1962 and 1968 injuries and modified the judge's decision to reflect a last day of work date of injury. Liberty Mutual Insurance Company was Continental Can's workers' compensation insurance carrier until July 1, 1973, when it was replaced by American Motorists Insurance Company. American Motorists appeals by leave granted, arguing that the appeal board committed an error of law in its determination of the date of injury. *Held:*

If the disability resulted solely from the 1962 and 1968 injuries, Liberty Mutual is liable for payment of the benefits since it was the insurance carrier at the time of both traumatic injuries. If the two traumatic injuries in combination with working conditions experienced thereafter produced the disability, American Motorists is liable for payment of the benefits. The cause must be remanded to the appeal board for further findings of fact since the board declined to decide whether

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 245, 673.

Reames's condition was aggravated by working conditions apart from the two traumatic injuries.

Reversed and remanded.

WORKERS' COMPENSATION — MULTIPLE CARRIERS — DATE OF DISABILITY.

The date of an employee's disability must be determined in order to find which of two insurers is liable for payment of a compensation award where the employee suffered two traumatic injuries but continued to work for a number of years following the second injury and one of the insurance carriers insured the risk at the time of the two injuries and the other carrier insured the risk on the last day of employment; if the disability was due solely to the two traumatic injuries, the carrier which insured the risk at the time of injuries is liable, but if it was the two traumatic injuries in combination with working conditions experienced thereafter that produced the disability, the carrier which insured the risk on the last day of employment is liable.

*Sablich, Ryan, Rapaport, Bobay & Pollok, P.C.,* for Edsell Reames.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for Continental Can Company and American Motorists Insurance Company.

*Lilly, Piatt & Doyle* (by *Timothy C. Liggett),* for Liberty Mutual Insurance Company.

Before: D. F. WALSH, P.J., and MACKENZIE and J. R. ERNST,* JJ.

PER CURIAM. This appeal arises out of the following findings by the Workers' Compensation Appeal Board:

"'* * * All parties express support for their respective arguments by trying to establish that plaintiff's employment duties subsequent to the last specific event injury, November 16, 1968, either aggravated the condition

---

* Circuit judge, sitting on the Court of Appeals by assignment.

created by this event and entitle plaintiff to the last day of work date of injury sought by plaintiff and Liberty Mutual or did not aggravate demonstrating that the award should be affirmed per American Motorists position. Neither of the defendants have expressed disagreement with the judge's finding of disability nor have they argued that plaintiff did not sustain the injury of November, 1968.

"The disposition of this cause is much simpler than the briefs of the parties would indicate. The decision of the judge is modified to reflect a last day of work injury. Given the uncontested facts, no other decision is legally possible under MCLA 418.301(1).

"It is uncontested that plaintiff suffered a work related back injury in 1962 that ultimately required back surgery in 1963. Plaintiff was off work approximately one year post surgery and returned to restricted employment. In 1968 plaintiff was still on this favored work when he was requested to return to his former unrestricted duty. Plaintiff protested yet did as he was instructed. Within three hours plaintiff was once again injured, when he and a co-employee were removing a housing that slipped and fell against plaintiff who was on a ladder at the time. Plaintiff was knocked from the ladder and fell to the floor once again injuring his back. As a result of this incident, plaintiff was hospitalized for 10 days and lost approximately 5 weeks work. Plaintiff then returned to the favored employment and remained so employed until 1975. In June of 1975 plaintiff was informed that his favored work was no longer available and that he would have to return to his past unrestricted duties. Plaintiff refused stating that his physical condition still required the restricted work and that he could not perform the available job offered. Plaintiff's last day of work was June 6, 1975.

"Given the above facts and noting medical support for the proposition that all of plaintiff's residuals stem from the 1962 injury (Drs. Schimnoski and McColl) and alternately supporting the proposition that plaintiff suffered a recurrent disc problem as a result of the 1968 injury (Dr. Badgley), we make a reasonable inference that plaintiff's uncontested disability is the result of both the 1963 and 1968 injuries and we find this to be

fact. Inferentially, the judge's decision found this same, unappealed, fact when he found the 1968 injury and awarded benefits based upon this date."

The employer's workers' compensation insurance carrier was Liberty Mutual Insurance Company until July 1, 1973, when it was replaced by American Motorists Insurance Company. American Motorists appeals by leave granted and argues that the board committed an error of law in its interpretation of MCL 418.301(1); MSA 17.237(301)(1). The section provides in relevant part:

"Time of injury or date of injury as used in this act in the case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

In *Gibbs v Keebler Co,* 56 Mich App 690, 693-696; 224 NW2d 698 (1974), the Court explained the operation of the foregoing section as follows:

"Logic discloses that the cause of *disability,* in this case, could be due to four distinct and different situations, each with differing operational definitions and which could lead to differing conclusions as to which carrier is liable for the compensation award.

"The first possible cause of disability in this case is the first traumatic injury. This is the obvious workmen's compensation claim where there is a clearly specifiable injury, occurring on a given date, *i.e.,* attributable to a single event. See, for instance, *Schinderle v Ford Motor Co,* 316 Mich 387; 25 NW2d 568 (1947).

"The second situation is where a single distinguishable traumatic injury *and* the working conditions cause disability. This may be said to be the situation where a preexisting injury, condition, or infirmity is aggravated

to disability, or where the injury is not attributable to a single event. See, for instance, *Sheppard v Michigan National Bank,* 348 Mich 577, 585; 83 NW2d 614, 617 (1957), where it is said:

" '[W]e clearly established at an early date that disability caused by an aggravation of a pre-existing condition by a compensable event was compensable. We were not concerned with the nature of the pre-existing condition. Our attention, rather, went to the nature of the event causing the final disability.'

"This situation may also include the so-called occupational disease cases. See *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963), *Sosnowski v Dandy Hamburger,* 384 Mich 221; 180 NW2d 761 (1970), and generally, 25 Callaghan's Michigan Civil Jurisprudence, Workmen's Compensation, § 49, pp 404-405.

"The third possibility is that there have been two successive traumatic injuries from which either the first or both in combination have caused disability. In this regard, in 3 Larson's Workmen's Compensation Law, § 95.12, pp 508.130-508.133, Professor Larson has written:

" 'The Massachusetts-Michigan rule in successive-injury cases is to place full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

" '*If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second.* In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use. This group also includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a preexisting condition.' (Emphasis supplied.)

"The fourth situation, which is conceivably applicable in the present case, is where the two single traumatic injuries in combination with the working conditions cause disability. This is, in the factual context of this case, the situation outlined as number 2 above.

"Of the two carriers here in conflict, under the foregoing situations, in the first, the first carrier is liable; in the second, the second carrier is liable; in the third, either the first or second could be liable depending upon the causal relationship between injuries and disability; and, in the fourth, the second carrier is liable." (Footnotes omitted.)

The facts of this case presented either the third or the fourth situation discussed in *Gibbs*. If the third situation was presented, then Liberty Mutual was liable since it was the carrier at the time of both traumatic injuries. If the two traumatic injuries in combination with working conditions produced the disability, then the fourth situation was presented and American Motorists was liable. Since the board declined to decide whether Reames's condition was aggravated by working conditions apart from the two traumatic injuries, the cause must be remanded to the board for further findings of fact.

Reversed and remanded for further proceedings in accordance with this opinion. This Court retains no jurisdiction.