JONES v AUTO SPECIALTIES MANUFACTURING COMPANY

Docket No. 103310. Submitted August 18, 1988, at Grand Rapids.
Decided November 10, 1988.

Plaintiff, Richard L. Jones, began working for defendant, Auto
Specialties Manufacturing Company, in 1947. In the early
1950s, plaintiff injured his back while working, but was able to
return to his position the following day. In 1954, he successfully
bid for a position on the paint line, but the bending and heavy
lifting reaggravated his back injury. In 1969, plaintiff "bid
down" to a job requiring lighter lifting and in 1980 he again
made a successful bid for a position with even lighter lifting
involved. Plaintiff's last day of work was June 30, 1980, when
his union went on strike. On February 1, 1981, he elected early
retirement due to the continued strike. On June 4, 1981,
plaintiff filed a petition seeking workers' compensation benefits
and alleging work-related injury or disablement dates of the
early 1950s and June 30, 1980. The facts indicate that plain-
tiff's average weekly wage was $500.40 in the 1950s and
$336.40 on June 30, 1980. A hearing referee determined that
plaintiff was not entitled to compensation. Plaintiff appealed to
the Workers' Compensation Appeal Board, which reversed and
entered an open award for partial disability as of July 1, 1980.
Defendant appealed.

The Court of Appeals held:

1. The WCAB's factual findings, except one, are supported by
competent record evidence. The record, however, does not
support the finding that plaintiff was an involuntary partici-
pant in the strike against defendant. Thus, the WCAB erred in
concluding that plaintiff was entitled to benefits during the
time he was off work due to the strike. That portion of the
order granting benefits for the duration of the strike is re-
versed.

2. The WCAB improperly found that plaintiff's employment on
his last day of work constituted favored work. While plaintiff's
bid for less strenuous work may well have been motivated by

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 349, 379, 487.
See the Index to Annotations under Workers' Compensation.

his back condition, there is no indication on the record that plaintiff's condition motivated defendant to place him in lighter work that constituted favored work. The case is remanded to the WCAB for a redetermination of plaintiff's wage-earning capacity.

3. The WCAB erred in concluding that plaintiff's last day of work was his date of injury under MCL 418.301; MSA 17.237(301). The facts indicate that plaintiff's employment after 1969 did not contribute to or aggravate his condition, thus, his last day of work was not the date of his injury or disability under the statute. The case is remanded for a determination of the date when plaintiff reached the stage of being disabled so that the WCAB can make a finding concerning the date of plaintiff's injury and resultant disability.

4. Defendant was not denied due process and equal protection of the law when plaintiff's appeal to the WCAB was decided by a two-member panel of public representatives.

Affirmed in part, reversed in part and remanded.

1. WORKERS' COMPENSATION — STRIKING WORKERS — VOLUNTARY PARTICIPATION IN STRIKE.

A worker who is otherwise entitled to workers' compensation benefits is not entitled to such benefits during the time he is off work due to a strike where the worker is able to perform work but declines to do so because of the strike.

2. WORKERS' COMPENSATION — FAVORED WORK.

Favored work is work offered by the employer to a disabled employee which accommodates the employee's limitations; the determination whether a plaintiff's post-injury employment is favored work is a question of fact; an affirmative determination by the Workers' Compensation Appeal Board on this question conclusively establishes disability.

3. WORKERS' COMPENSATION — DATE OF INJURY — TIME OF INJURY.

The Workers' Disability Compensation Act provides that the time of injury or date of injury in the case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions that resulted in the employee's disability or death (MCL 418.301[1]; MSA 17.237[301][1]).

*Randolph McCarthy, Jr., P.C.* (by *Kenneth Kobayashi*), for plaintiff.

*Evans, Nelson, Pletkovic & Hays, P.C.* (by *John J. Hays* and *Robert L. Piatt*), for defendant.

Before: MacKenzie, P.J., and McDonald and R. E. Robinson,* JJ.

Per Curiam. Defendant appeals by leave granted from an opinion and order of the Workers' Compensation Appeal Board granting plaintiff an open award of partial disability benefits commencing July 1, 1980. We affirm in part, reverse in part and remand.

Plaintiff, born May 17, 1919, began his employment with defendant in July, 1947. After a short time, he was placed on the "big shake-out" removing iron castings from molds. Plaintiff performed this job for six years, working forty-seven double shifts during that period. Sometime in the early 1950s, while working at the shake-out, plaintiff lost his balance and slipped, suffering a twisting injury to his middle and lower back. Plaintiff went to defendant's first-aid station and was then taken to a chiropractor who told him he could return to work as long as he avoided lifting. Plaintiff returned to his job on the shake-out the following day and continued to work in that position, learning to lift with his legs instead of his back.

Fearful of further injury, in 1954 plaintiff successfully bid for a position on the paint line. The constant bending and heavy lifting involved in that job reaggravated his back injury. In 1969, plaintiff "bid down" to a job as a heat-treat oven repairman. In 1980, plaintiff made a successful bid for a position as heat-treat operator, an even lighter position.

Plaintiff's last day of work was June 30, 1980, when his union went on strike. On February 1, 1981, plaintiff elected early retirement due to the continued strike. On June 4, 1981, plaintiff filed a

* Former circuit judge, sitting on the Court of Appeals by assignment.

petition with the Bureau of Workers' Disability Compensation alleging work-related injury or disablement dates of the early 1950s and June 30, 1980.

On June 8, 1982, at a hearing before a bureau hearing referee, plaintiff related the above-stated facts and presented the deposition testimony of Earl S. Rhind, M.D., in support of his claim. Defendant presented the testimony of plaintiff's former supervisor and foreman who both testified that plaintiff was a good worker with a satisfactory performance record. They stated that plaintiff was never given favored work while under their supervision and fully performed his duties which included a considerable amount of lifting and bending. Both stated that plaintiff had complained about his bad back but they considered his remarks to be merely jesting or typical employee complaints. The parties stipulated that in the 1950s plaintiff's average weekly wage was $500.40. As of June 30, 1980, his last day of work, plaintiff was earning an average weekly wage of $336.40.

The hearing referee entered a decision that plaintiff was not entitled to workers' disability compensation benefits. Plaintiff appealed to the WCAB, contending that the hearing referee's decision was contrary to law and contrary to fact. The WCAB reversed the hearing referee's decision and entered an open award for partial disability benefits as of July 1, 1980, under MCL 418.361(1); MSA 17.237(361)(1).

Defendant first argues that the WCAB's award to plaintiff was based on factual findings unsupported by the record. Findings of fact by the WCAB are conclusive in the absence of fraud if there is competent evidence in the record which supports them. Const 1963, art 6, § 28; MCL 418.861; MSA

17.237(861); *Burns v General Motors Corp,* 151 Mich App 520, 528; 391 NW2d 396 (1986).

Defendant challenges several specific factual findings in the wcab's opinion. We have reviewed each of the claimed errors and, with one exception, conclude that there is competent record evidence to support them. The record adequately supports the finding that plaintiff's back injury was aggravated or worsened during the time he worked on the paint line and that plaintiff's employment caused his back condition. Further, although the reason defendant gives for plaintiff's wage differential between the 1950s and 1980 is logical, the evidence in the record is consistent with the wcab's explanation.

We agree with defendant, however, that the record is devoid of evidence to support (or refute) the wcab's finding that plaintiff was not a voluntary participant in the union strike against defendant. The sole evidence concerning the strike was plaintiff's testimony that his last day of work was the day the strike began and that he would have worked until age seventy had the strike not occurred. There was no evidence that plaintiff voted against the strike, declined an offer to work during the strike, declined strike benefits, or in any manner opposed the strike. Certainly, an intention to work nine more years cannot be equated with strike opposition, as presumably all strikers want to return to work upon settlement. The standard by which this Court reviews the findings of the wcab is extremely narrow. However, we must agree with defendant that there was no competent evidence to support the board's finding that plaintiff was an involuntary participant in his union's strike against defendant.

Because there was no competent evidence that plaintiff was an involuntary striker, we must also

agree with defendant that the WCAB erred in concluding that plaintiff was entitled to benefits during the time he was off work due to the strike. In *Pigue v General Motors Corp,* 317 Mich 311; 26 NW2d 900 (1947), the Supreme Court held that where a worker was able to perform work, but declined to do so because of his union's strike, the worker was not entitled to benefits during the strike period. The holding of *Pigue* is clearly controlling in this case. Because the record is devoid of evidence that plaintiff involuntarily participated in the strike, we reverse that portion of the board's order granting plaintiff benefits for the duration of the strike.

A related consideration is our disagreement with the board's legal conclusion that plaintiff's employment on his last day of work constituted favored work. "Favored work" is used to describe work *offered by the employer* to a disabled employee which accommodates the employee's limitations. *Hartsell v Richmond Lumber Co,* 154 Mich App 523, 532; 398 NW2d 456 (1986), lv den 426 Mich 886 (1986); *Stallworth v Chrysler Corp,* 144 Mich App 706, 709; 375 NW2d 797 (1985), lv den 424 Mich 857 (1985). The determination of whether a plaintiff's post-injury employment is favored work is a question of fact. An affirmative determination by the WCAB on this question conclusively establishes disability. *Powell v Casco Nelmor Corp,* 406 Mich 332, 348; 279 NW2d 769 (1979).

Here, the WCAB concluded that favored work can be self-imposed by the worker and that, by bidding down, plaintiff unilaterally entered into favored work. We disagree. Were this true, under *Powell, supra,* a worker could virtually assure a disability determination simply by bidding down following any injury. The favored-work doctrine should not be distorted to allow this result.

In *Stallworth, supra,* the plaintiff returned to his employment with the defendant after suffering a work-related injury, but was unable to perform his old job. The defendant terminated the plaintiff's workers' disability compensation benefits and gave the plaintiff an indefinite layoff. The plaintiff subsequently secured other employment, but was fired. The WCAB determined that the plaintiff's second job was favored work that did not establish a post-injury wage-earning capacity. This Court held that the WCAB erred as a matter of law by holding that the plaintiff's post-injury employment was favored work. Because the wages from the second job were not from favored work, those wages were relevant as to wage-earning capacity. Accordingly, this Court remanded the case to the WCAB for a determination of the plaintiff's wage-earning capacity. *Id.,* pp 710-711.

Although the facts of the present case are distinguishable from those in *Stallworth,* the rationale of that case is applicable to the present case. It is clear from plaintiff's testimony that the changes in his jobs over the years were made, not as a result of defendant's offering work within plaintiff's post-injury capacity, but solely through the seniority-based procedure of bidding through the union. While plaintiff's bid for less strenuous work may well have been motivated by his back condition, there is absolutely no indication on the record that plaintiff's condition motivated defendant to place him in lighter work that constituted favored work in mitigation of disability compensation liability. Consistent with *Stallworth,* we remand to the WCAB for a determination of plaintiff's wage-earning capacity.

We find one additional error of law by the WCAB pertinent to its award of benefits to plaintiff. We conclude that the WCAB erred in concluding that

plaintiff's last day of work was the date of his injury under MCL 418.301; MSA 17.237(301).

MCL 418.301(1); MSA 17.237(301)(1) provides:

> An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act. In the case of death resulting from the personal injury to the employee, compensation shall be paid to the employee's dependents as provided in this act. *Time of injury or date of injury as used in this act in the case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions that resulted in the employee's disability or death.* [Emphasis added.]

Defendant contends that the WCAB erred, as a matter of law, in its determination of the date of plaintiff's injury or disability. The WCAB found:

> This case is clearly within the terms of Section 301(1), because plaintiff, first injured in the 1950's, was injured again in 1969, and thus the mandate of the statute that we find a finding of an injury date as of the last day worked. We are unable to say that his injury "was attributable to a single event." Clearly it was not. First injured in the 1950's, plaintiff had recurrent back pain off and on, until major trouble in 1969 forced him to take what we find to be favored work. Thus, his date of injury is June 30, 1980.

The date of plaintiff's injury and resultant disability are a question of fact. Therefore, the WCAB's finding of June 30, 1980, as plaintiff's date of injury must be affirmed unless there is no supporting evidence on the record or it was based on the wrong legal framework or erroneous legal

reasoning. *Coleman v General Motors Corp,* 166 Mich App 784, 789-791; 421 NW2d 295 (1988).

Here, the record supports the WCAB's finding that plaintiff suffered an injury in the 1950s that was aggravated in 1969. However, the WCAB's finding ignores the latter part of § 301(1) which speaks of the last day of work in which the employee was last subjected to the conditions that resulted in his disability. Plaintiff's testimony showed that after 1969, when he bid off the paint line, plaintiff held positions that he could perform without further aggravation of his condition. If plaintiff's employment after 1969 did not contribute to or aggravate his condition, his last day of work was not the date of his injury or disability under the statute.

The WCAB, as trier of fact, is charged with making a clear and unequivocal finding concerning the date of plaintiff's injury and resultant disability. In order to make a correct finding concerning the date of plaintiff's disabling injury, the WCAB must first determine when plaintiff reached the stage of being disabled as defined by the Workers' Disability Compensation Act. *Gibbs v Keebler Co,* 56 Mich App 690; 224 NW2d 698 (1974); *Reames v Continental Can Co,* 111 Mich App 188; 314 NW2d 475 (1981). Accordingly, this issue must also be redetermined on remand.

Defendant's remaining claims require little discussion. Defendant did not raise the issue of the retiree presumption of MCL 418.373; MSA 17.237(373) before the appeal board. We therefore decline review. See, e.g., *Attorney General v Blue Cross & Blue Shield of Michigan,* 168 Mich App 372, 383; 424 NW2d 54 (1988). Defendant's contention, that it was denied due process and equal protection of the law when plaintiff's appeal to the WCAB was decided by a two-member panel of pub-

lic representatives, was recently resolved against defendant in *Williams v Hofley Mfg Co,* 430 Mich 603; 424 NW2d 278 (1988), as defendant conceded at oral argument.

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.