JISHI v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 155075. Submitted February 2, 1994, at Detroit. Decided
     November 7, 1994, at 9:45 A.M. Leave to appeal sought.

     Adnan Jishi sought worker's compensation benefits for dermatitis
        after being laid off by General Motors in 1987. A worker's
        compensation magistrate determined that the plaintiff con-
        tracted the disease at work in 1983. The plaintiff, who had
        continued to work from when he contracted the disease until
        he was laid off and had received unemployment benefits after
        the layoff, received an open award of benefits for partial disabil-
        ity. The Worker's Compensation Appellate Commission af-
        firmed. The Court of Appeals denied the defendant's application
        for leave to appeal. The Supreme Court, in lieu of granting
        leave, remanded to the Court of Appeals for consideration as on
        leave granted. 440 Mich 887 (1992).

     On remand, the Court of Appeals held:

     1. "Disability," as defined in 1983 for common laborers like
     the plaintiff, meant the loss of the ability to compete fully with
     able-bodied individuals in the entire field of common unskilled
     labor. Even though the plaintiff had continued to work after
     contracting the disease, because he had experienced a limit to
     the work he could do after contracting the disease, he had
     sustained a disability when he incurred the disease.

     2. In the absence of evidence that the plaintiff was offered
     alternative employment as an accommodation of his disease,
     the defendant has failed to demonstrate the establishment of a
     new wage-earning capacity after the disability such that the
     plaintiff, pursuant to MCL 418.301(5)(d)(i); MSA 17.237(301)(5)
     (d)(i), should be ineligible for continuing wage-loss benefits.

     3. Judicial estoppel does not apply to bar the plaintiff from
     seeking worker's compensation benefits after asserting a will-
     ingness and an ability to work when he sought unemployment
     benefits. Because the plaintiff has been found to have been
     disabled partially, there are no inconsistencies between the
     claims for worker's compensation and unemployment benefits
     inasmuch as he truthfully could have asserted a willingness
     and an ability to work some, but not all, labor.

     Affirmed.

*John L. Francis,* for the plaintiff.

*Evans, Pletkovic, Hays & Rhodes, P.C.* (by *Mary Anne MacKenzie*), for the defendant.

ON REMAND

Before: Shepherd, P.J., and Marilyn Kelly and Hood, JJ.

Marilyn Kelly, J. Defendant seeks reversal of an order of the Worker's Compensation Appellate Commission affirming with modification a magistrate's decision granting plaintiff an open award of benefits. We affirm.

I

Plaintiff began working for defendant in January 1975. He testified that he was in good health at the time and had no skin diseases, allergies or similar problems. He testified that in 1982 or 1983 his wrists began to redden, blotch, and itch, and that sores erupted. In 1982, plaintiff began treating with a dermatologist, Dr. Blum, who requested plaintiff to bring samples of materials to which plaintiff was exposed at work. Dr. Blum diagnosed plaintiff as suffering from moderate to severe contact dermatitis, which he testified was caused by exposure to large amounts of primer over a long period of time at work.

Plaintiff was advised to go on sick leave so that his condition could improve. He testified that after seven weeks his condition had improved but had not completely abated. After returning to work, he testified that his condition once again worsened. Nevertheless, he continued to work until the plant closed in 1987 and he was laid off. He testified that

he did not take any time off for sick leave during this period. However, he continually experienced problems with his hands and arms, including itching, open sores and bleeding as a result of scratching and irritation.

As noted, Dr. Blum testified that plaintiff's contact dermatitis was caused by exposure to primer at work. He stated that he would restrict plaintiff from any work that required exposure to primer, chemicals, oils or harsh soaps, and would also recommend avoiding exposure to dust and dirt. Defendant's expert, Dr. Plotnik, agreed that plaintiff suffered from dermatitis at the time of the examination in June 1988. He nonetheless believed that the condition then existing was not related to exposures at work. He opined that workplace exposures would have resolved themselves by then and that plaintiff's continuing dermatitis was psychologically based.

In an opinion and order mailed July 24, 1989, the magistrate found that plaintiff suffered from an occupational disease caused by exposure to paint primers. The magistrate based his findings upon plaintiff's testimony, which the magistrate characterized as credible, as well as Dr. Blum's testimony and the magistrate's visual observation of plaintiff's hands and arms at the hearing. The magistrate discounted Dr. Plotnik's testimony, because Dr. Plotnik had seen plaintiff only on one occasion. Also, while Dr. Plotnik diagnosed neurodermatitis, he conceded that he could not state any opinion as to its psychological cause. Because Dr. Blum would restrict plaintiff in certain environments, the magistrate found plaintiff partially but not totally disabled.

Defendant appealed, and in an opinion and order dated September 19, 1991 the WCAC affirmed, holding that the magistrate's findings were sup-

ported by substantial evidence on the whole record.[1]

After this Court denied defendant's application for leave to appeal, defendant applied to the Supreme Court for leave to appeal. On August 5, 1992 the Supreme Court remanded to this Court for consideration as on leave granted. 440 Mich 887 (1992).

## II

### A

In all successful worker's compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace. Where it is only the claimant's symptoms, not his underlying condition, which have been aggravated by his employment, the claimant is entitled to a closed award only. *Siders v Gilco, Inc,* 189 Mich App 670, 673; 473 NW2d 802 (1991).

Defendant argues that, because plaintiff was able to work successfully in defendant's plant after he developed his condition, he should not be considered disabled. We disagree. Defendant stipulated that plaintiff was employed at common labor.

Given the date of the injury, plaintiff comes under the definition of disability in place at the time his skin condition developed. Plaintiff is disabled if he has lost the ability to compete fully with able-bodied individuals in the entire field of common unskilled labor. *Turrentine v General Motors Corp,* 198 Mich App 572, 575; 499 NW2d 411 (1993); *Adair v Metropolitan Building Co,* 38 Mich App 393, 403; 196 NW2d 335 (1972). The

---

[1] The wcac modified the magistrate's award because it agreed with defendant's argument that certain individuals were not plaintiff's dependents. Plaintiff did not file a cross appeal and that issue is therefore not before us.

magistrate found that, as a result of a skin condition contracted while working for defendant, plaintiff is limited in the work he can do.

The magistrate's decision was based on his assessment of plaintiff's credibility, his observation of plaintiff's condition at the hearing, and the testimony of plaintiff's treating physician, Dr. Blum. A hearing officer's credibility determinations are entitled to deference, because the hearing officer has the opportunity to view and judge witnesses. *Tompkins v Dep't of Social Services,* 97 Mich App 218, 222-223; 293 NW2d 771 (1980). Expert testimony is "substantial" within the meaning of the substantial evidence test if offered by a qualified expert having a rational basis for his views, even if other experts disagree. *Great Lakes Steel v Public Service Comm,* 130 Mich App 470, 481; 344 NW2d 321 (1983). Because the magistrate's findings are supported by Dr. Blum's diagnosis and opinions, as well as plaintiff's own testimony, the WCAC did not err in affirming his decision.

B

Defendant contends that plaintiff does not suffer from a "disability" within the meaning of the latest amendment to § 301(4) of the Worker's Disability Compensation Act, MCL 418.301(4); MSA 17.237(301)(4). However, the magistrate found that plaintiff suffered a personal injury when he contracted dermatitis in 1983. Because the new definition does not apply to injuries sustained before May 14, 1987, the argument is irrelevant. *Turrentine, supra.*

C

Defendant also contends that plaintiff is not

entitled to benefits in light of § 301(5) of the Act, which provides in part:

> If disability is established pursuant to subsection (4), entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:
>
> (a) If an employee receives a bona fide offer of reasonable employment from the previous employer, another employer or through the Michigan employment security commission and the employee refuses that employment without good and reasonable cause, the employee shall be considered to have voluntarily removed himself or herself from the work force and is no longer entitled to wage loss benefits under this act during the period of such refusal.
>
> * * *
>
> (d) If the employee after having been employed pursuant to this subsection for 100 weeks or more loses his or her job through no fault of the employee, the employee shall receive compensation under this act pursuant to the following:
>
> (i) If after exhaustion of unemployment benefit eligibility of an employee, a worker's compensation magistrate or hearing referee, as applicable, determines for any employee covered under this subdivision that the employments since the time of injury have not established a new wage earning capacity, the employee shall receive compensation based on his or her wage at the original date of injury. There is a presumption of wage earning capacity established for employments totalling 250 weeks or more. [MCL 418.301(5); MSA 17.237(301) (5).]

Defendant notes that plaintiff worked for just fewer than 250 weeks after his February 1983 injury before being laid off in December 1987. Defendant argues that plaintiff should be found to have established a new wage-earning capacity within the meaning of subsections (d)(i) and as

such should not be entitled to continuing wage-loss benefits.

Section 301(5) amounts to a legislative codification of the judicially created doctrine of favored work. Under that doctrine, favored work is work offered by the employer to a disabled employee which accommodates the employee's limitations. *Jones v Auto Specialties Mfg Co,* 177 Mich App 59, 64; 441 NW2d 1 (1988). We hold that this requirement is carried over into the statute, inasmuch as § 301(5)(a) describes a bona fide offer of reasonable employment made to an employee by a previous employer or another. In this case, there is no record evidence that plaintiff was offered alternative employments in order to accommodate his skin condition. Therefore, we hold that § 301(5)(d) does not apply and that defendant has not demonstrated the establishment of a new wage-earning capacity.

### D

Finally, in its supplemental brief, defendant argues that plaintiff should be denied benefits by operation of the doctrine of judicial estoppel as explained in *Paschke v Retool Industries (On Rehearing),* 198 Mich App 702; 499 NW2d 453 (1993), rev'd 445 Mich 502; 519 NW2d 441 (1994). Defendant notes that plaintiff testified to having applied for unemployment compensation benefits after being laid off and drawing unemployment benefits for a year. It was during a period when he had also been awarded worker's compensation benefits. Defendant contends that plaintiff should be judicially estopped from claiming worker's compensation benefits, when he represented himself as willing and able to work in order to collect unemployment benefits.

This issue was not raised below and so is not preserved for appellate consideration. We will consider it only if failure to do so would result in manifest injustice. *Achtenberg v East Lansing,* 421 Mich 765, 773; 364 NW2d 277 (1985). We find that it will not. Our Supreme Court recently rejected the application of judicial estoppel to a case involving a similar simultaneous receipt of unemployment and worker's compensation benefits. *Paschke v Retool Industries,* 445 Mich 502; 519 NW2d 441 (1994). In *Paschke,* the Court adopted the "prior success model" of judicial estoppel in the context of administrative proceedings and concluded that:

> Under the "prior success" model, the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true. Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent. [*Paschke,* p 510.]

The plaintiff had represented to the MESC that he was ready and available for work while claiming total disability during the same period. The Court found that, based on the facts of the case, there existed neither statutory nor judicial support for a determination that plaintiff's claims were wholly inconsistent. *Id.*

Similarly, here, plaintiff has been found to have been partially disabled, which by definition means that he is incapable of performing some, but not all, labor. He may therefore truthfully have stated his willingness and readiness to work at least in certain circumstances in order to obtain unemployment compensation. He truthfully could have asserted simultaneously that he was partially dis-

abled in order to obtain worker's compensation benefits. *Id.,* pp 513-514.

Affirmed.

SHEPHERD, P.J., did not participate.